469 So.2d 1233 (1985)
Brenda Pouncey SULLIVAN
v.
George Alvin POUNCEY.
No. 54700.
Supreme Court of Mississippi.
May 15, 1985.
Rehearing Denied June 5, 1985.
John Arthur Eaves, Eaves & Eaves, Jackson, for appellant.
Patricia R. Alexander, Harlon H. Varnado, Jackson, for appellee.
Before WALKER, P.J., and ROBERTSON and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from the Chancery Court of the First Judicial District of Hinds County, wherein appellee filed a complaint seeking specific performance on a private contract he entered into with his wife, appellant. An order in favor of appellee upholding the contract was entered by the Chancellor on January 3, 1983.
The parties' divorce was finalized on August 27, 1980, on the grounds of irreconcilable differences. The final decree incorporated a July 24, 1980, property settlement agreement entered into by the parties, as drawn up and witnessed by the parties' attorneys; separate and distinct from the contract sued on here.
Several hours earlier on July 24, the parties signed this separate contract, which was not incorporated in the final decree. That contract provided that appellee would make one-half of the house payments, and one-half of the car payment, and receive in exchange one-half interest in the equity of the marital residence. Conversely, the property settlement agreement as drawn up by the parties' attorneys provided that appellant was to receive the house and be responsible for its indebtedness, as well as the car and its indebtedness. Both parties claimed that the other party drew up the contract.
Appellee introduced various checks representing payments for one-half of the *1234 house note, and for the full amount of the car note. He ceased these payments when he learned that appellant had remarried. Appellant wrote appellee $800 in checks; she claimed that this was in repayment for the approximately $3,200 appellee had applied toward the house and car. He claims that the $800 repayment applied toward one-half of the equity toward the house.
The chancellor in his opinion found that the private contract was executed without the knowledge of the court or the attorneys. He noted that appellant acknowledged the contract by partial compliance with it, in receiving and making payments. The chancellor held that appellee was entitled to one-half of the equity in the house, which was to be decided by a special master.
In reviewing this cause, we first note that the divorce was granted on the grounds of irreconcilable differences subject to Mississippi Code Annotated, Section 93-5-2 (1972). That form of divorce requires that the parties enter into a property settlement agreement, which is to be incorporated into the final decree. Switzer v. Switzer, 460 So.2d 843 (Miss. 1984). A prior agreement entered into by the parties is not enforceable, if not approved by the court. It would be tantamount to defrauding the court for parties to present to the court a property settlement agreement, which is subsequently incorporated into the final decree, while actually intending to abide by a contradictory, private contract. This is clearly against public policy.
In finding this contract void, appellee is entitled to repayment in order to put the parties in the position they would have been in without the contract. The evidence reflects that appellee made payments on the house and car totalling $3,183.38; since appellant repaid him $800, the balance is $2,383.38. Appellant, under the terms of the final decree, is sole owner of the house in question and the equity therein, as well as the car she received under the terms of the decree.
Appellant's cross claim for damages resulting from assault by appellee is not well taken. We do not find the chancellor's dismissal of that cross claim to be manifestly in error or against the overwhelming weight of the evidence.
For the foregoing reasons, we reverse the decision of the chancellor below and render. Having found the contract void, appellant is obligated to repay appellee $2,383.38. She retains title and equity in the house and the car in question. Her cross claim for damages for assault is dismissed.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.