WALKER, Presiding Justice,
for the Court:
Robin Eady McCleave appeals from the decree of the Chancery Court of Rankin County, which granted William McCleave a divorce from Mrs. McCleave on the grounds of uncondoned adultery and awarded custody of the minor child to Mr. McCleave.
The parties to this appeal were married on July 29, 1978. Their son Joshua was born December 26, 1980.
On October 10, 1983, the McCleaves filed a joint complaint for divorce based upon irreconcilable differences. The same day they executed a child custody, child support and property settlement agreement. Under the terms of the agreement Mrs. McCleave was given custody of the minor child. Mr. McCleave was given the house, most of the household goods and furnishings, the 1981 Pontiac Braughn automobile, the 1972 van, a boat and personal property including savings accounts. Mrs. McCleave received the 1968 Volkswagen and $9,000 for her equity in the home. Mrs. McCleave was to remain in the home until she was making a salary of at least $15,000 per year while actively pursuing employment.
Several days after the McCleaves entered into the agreement, Mr. McCleave discovered that his wife was having an affair with a family friend.
On November 11, 1983, Mr. McCleave filed a complaint for divorce on the grounds of adultery and sought custody of *523 Joshua. Mr. McCleave took physical custody of Joshua at that time.
At the hearings on the case the appellant admitted that she committed adultery. She maintained that her husband was aware of her affair before he signed the agreement giving her custody of the child. Appellant moved to dismiss the second divorce action as barred by the pendency of the previous joint action or, in the alternative, to dismiss the second action based on estoppel. Appellant’s motions were denied.
After the two day hearing, the chancellor granted Mr. McCleave the divorce he sought on the grounds of uncondoned adultery and granted him custody of the minor child.
Appellant contends in this appeal that the trial court lacked jurisdiction to proceed on Mr. McCleave’s complaint because of the pendency of the joint complaint first filed and that the parties were bound by the agreement of the joint complaint.
Under Miss.Code Ann. § 93-5-2 (Supp. 1985), the statute which permits divorce on grounds of irreconcilable differences, bills for divorce must be on file for sixty (60) days before being heard. If at any time during this period either party files an objection, the court cannot grant the divorce.
The question on appeal is whether the filing of the second complaint by Mr. McCleave was an effective objection to the joint complaint. We answer in the affirmative.
It would have been better procedure if the appellee had objected specifically to and withdrawn the prior suit. However, the filing of the second complaint, inconsistent with the first complaint grounded on irreconcilable differences, was an effective withdrawal from and objection to the first complaint. The wife was served with the second complaint and cannot assert that it was without notice. Likewise, the penden-cy of the first complaint was brought to the attention of and was known to the chancellor through the motion to dismiss.
This case is readily distinguishable from the case cited by the appellant, Lee v. Lee, 232 So.2d 370 (Miss.1970), where proceedings were pending in. two different counties. In that case the wife filed a divorce action in Forrest County and then later filed in Jackson County, both complaints were on the grounds of habitual cruel and inhuman treatment. This Court held that the second court should have sustained the husband’s plea in abatement. The present case is not analoguous. There was no error in the court hearing the present case.
Appellant’s other arguments are also without merit.
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.