536 So.2d 25 (1988)
Warren Edward TRAUB
v.
Jane Elizabeth Traub JOHNSON.
No. 58099.
Supreme Court of Mississippi.
December 14, 1988.
James K. Wetzel, Hoffman & Wetzel, Gulfport, for appellant.
Mark D. Herbert, Ott & Purdy, Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ZUCCARO, JJ.
SULLIVAN, Justice, for the Court:
Traub and Johnson were divorced in Hinds County on January 19, 1984, after sixteen years of marriage. During the marriage they received substantial financial assistance in the form of outright gifts and income from trust properties from Johnson's parents. On January 19, 1984, the parties received a divorce on the ground of irreconcilable differences.
The property settlement agreement divided the jointly held assets of the parties as follows:

 Traub received:
(1) Primary family residence in Jackson, Mississippi $112,000
(2) 1/2 the home furnishings 10,000
(3) 15 acres in Grand County, Colorado 30,000
(4) Stock portfolio 31,000
(5) Savings Accounts in First Magnolia Federal Savings
 & Loan and Summitt County Bank 19,500
(6) Loan to Micro Systems, Inc. 15,000
 Johnson received:
(1) 1/2 the home furnishings 10,000
(2) Checking accounts in First National Bank and Dean
 Witter, AAA 2,500

This property settlement agreement was signed on November 16, 1983. On December 30, 1983, Traub and his attorney presented Johnson with documents for her signature conveying to Traub three additional properties: (1) an undivided one-third interest in the house and lot in Summitt County, Colorado; (2) one-half of her interest in Ridgway Management Contract 12; and (3) one-half of her interest in Ridgway Management Contract 13, both managed by Ridgway Management, Inc.
*26 Johnson's mother had given her the interest that she owned in Ridgway Trust & Properties there and Johnson's mother and father had deeded her her interest in the Colorado property.
The acts of December 30, 1983, were never reported to the chancellor. In October of 1984, Johnson filed a complaint for modification of the final decree and declaratory relief in the Chancery Court of Hinds County, claiming that the child custody and property settlement agreement of November 16, 1983, made no provision for the disposition of her interest in Contracts 12 and 13, nor in the Summitt County, Colorado property. After a hearing on the merits the chancellor ruled that the additional assignments and conveyances executed by Johnson on December 30, 1983, were not a part of the written agreement submitted to the chancery court and that therefore, this agreement was not enforceable. The chancellor therefore set aside the conveyances and assignment of one-half of Johnson's interest in the Ridgway Management Contracts 12 and 13, and the quitclaim deed of one-third of Johnson's interest in the Summitt County, Colorado property. Furthermore, the chancellor held that Traub should repay Johnson $38,916.34 plus interest, a sum representing payments received by Traub from the trust agreements.
Traub appeals to this Court claiming that the chancellor erred as a matter of law and fact when he applied Sullivan v. Pouncey, 469 So.2d 1233 (Miss. 1985), to the facts of this case.
Traub seeks to distinguish his case from the factual situation in Sullivan v. Pouncey by arguing to this Court that he and Johnson did not intend to submit one property settlement agreement to the court while actually abiding by a contradictory private agreement but that the second contract was merely a part of the original property settlement agreement wherein personal property of the parties would be separated. Traub further relies on our decision in Norris v. Norris, 498 So.2d 809 (Miss. 1986), but this reliance is misplaced. In the Norris decision we said:
... adult parties to a valid judgment of divorce may among themselves make enforceable supplementary or modification agreements regarding property or financial matters, so long, of course, as the donee does not overreach or exert undue influence upon the donor. But see, Sullivan v. Pouncey, 469 So.2d 1233, 1234 (Miss. 1985). (Emphasis added)
498 So.2d 809 at 811.
The divorce to these parties was granted on the ground of irreconcilable differences under Section 93-5-2, Mississippi Code Annotated (1972). That section requires among other things that the parties to such a divorce reach an adequate and sufficient settlement of any property rights between them by written agreement.
In Sullivan v. Pouncey, 469 So.2d 1233 (Miss. 1985), we held:
In reviewing this cause, we first note that the divorce was granted on the grounds of irreconcilable differences subject to Mississippi Code Annotated, Section 93-5-2 (1972). That form of divorce requires that the parties enter into a property settlement agreement, which is to be incorporated into the final decree. Switzer v. Switzer, 460 So.2d 843 (Miss. 1984). A prior agreement entered into by the parties is not enforceable, if not approved by the court. It would be tantamount to defrauding the court for parties to present to the court a property settlement agreement which is subsequently incorporated into the final decree, while actually intending to abide by a contradictory, private contract. This is clearly against public policy. (Emphasis added)
469 So.2d at 1234.
The Sullivan opinion clearly states that a prior agreement entered into by the parties is not enforceable if it is not approved by the court. 469 So.2d at 1233, 1234.
The record is clear that Traub knew the three properties at issue here were not included in the property settlement agreement of November 16, 1983, and he knew that these properties were not submitted to the chancellor. Furthermore, his attorney testified that the properties were not a part *27 of the property settlement agreement and that she had told Traub and that Traub told her to drop those items from the agreement and she informed Traub that if she did so, he could not include them later. This is exactly what Traub and his attorney have subsequently attempted to do.
The chancellor found that the divorce decree of the parties dated January 19, 1984, did not mention the three property interests in question here and that at the time of the discussions and execution of the conveyance of these three interests Johnson did not have her attorney present nor did her attorney learn of the transactions until after the fact. The record further indicates that at the time that Traub and his attorney met with Johnson, Johnson had an attorney of record and Traub's attorney was aware of it. This conduct on the part of Traub's attorney is, in its most favorable light, highly questionable and it merits the attention of the Mississippi State Bar Association.
We have held on numerous occasions that where findings of fact are supported by credible evidence they will be sustained. Allgood v. Allgood, 473 So.2d 416, 421 (Miss. 1985).
We are of the opinion therefore that the chancellor was correct both as a matter of law and fact and his decision is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.J., and PRATHER, ROBERTSON, ANDERSON and ZUCCARO, JJ., concur.
GRIFFIN, J., not participating.