566 So.2d 718 (1990)
Joel E. BROWN
v.
Clara P. BROWN.
No. 89-CA-0741.
Supreme Court of Mississippi.
August 22, 1990.
Robert D. Jones, Jordan & Jones, Meridian, for appellant.
*719 David H. Linder, Hamilton & Linder, Meridian, for appellee.
Before HAWKINS P.J., and ANDERSON and PITTMAN, JJ.
HAWKINS, Presiding Justice, for the Court:
The chancery court of Lauderdale County refused to grant Joel E. Brown relief from his motion not to be required to pay one-half of his net salary to his former wife in child support payments for one child, the chancellor being of the view he did not have the authority to modify the original judgment. Subsequent to the divorce decree making this requirement, Brown's monthly salary almost doubled. We find the chancellor did have authority to grant relief, and reverse.

FACTS
A judgment of divorce was entered by the chancery court of Lauderdale County August 9, 1983, as to Joel E. and Clara P. Brown on the ground of irreconcilable differences. Attached to the judgment as Exhibit A was a property settlement agreement made May 31, 1983, which was approved by the court. In pertinent part the Agreement states:
The parties hereto are husband and wife and three children have been born unto this marriage, namely, William Michael Brown, Mathew Allen Brown and Steven Andrew Brown, all of whom are minors. The parties hereto are now and have been since on or about the 2nd day of May, 1983 living separate and apart from one another.
Recognizing the above situation and in order to settle fully the property rights of the parties hereto as between each other and with respect to the care, support, maintenance and tuition of William Michael Brown, Mathew Allen Brown and Steven Andrew Brown, and in order that all such rights may be clearly understood, settled and put to rest, the parties hereto mutually agree as follows, to-wit:
The Agreement then gives Mrs. Brown exclusive custody of the children, subject only to reasonable visitation by Brown. As to child support and alimony, the Agreement states:
1. Joel E. Brown hereby agrees to pay unto Clara P. Brown in the form of child support the following:
(a) As long as the three children of the parties hereto remain at home, Joel E. Brown shall pay unto Clara P. Brown four-sixths (4/6) of his net salary per month until one of the three children dies, marries, becomes emancipated or ceases to be a full-time student.
(b) As long as two children of the parties hereto remain at home, Joel E. Brown shall pay unto Clara P. Brown three-fifths (3/5) of his net salary per month until one of the two children dies, marries, becomes emancipated or ceases to be a full-time student.
(c) As long as one child of the parties hereto remains at home, Joel E. Brown shall pay unto Clara P. Brown one-half (1/2) of his net monthly salary until said child dies, becomes emancipated or ceases to be a full-time student.
(d) When all three children of the parties hereto have either died, married, become emancipated or ceased to be a full-time student, then Joel E. Brown shall pay unto Clara P. Brown one-third (1/3) of his net yearly salary in the form of alimony until such time as she dies or remarries.
2. Joel E. Brown hereby agrees to maintain a medical and hospitalization insurance policy on the minor children of the parties hereto and to pay all medical, doctor, dental, drug and hospital expenses incurred in excess thereof and/or not covered thereunder in said insurance policy until said children reach legal age, die, marry, becomes emancipated, cease to be a full-time student, or until the further order of a Court of competent jurisdiction.
3. Joel E. Brown further agrees to be responsible for all reasonable college tuition and expenses for the children of the parties hereto in accordance with his financial ability to do so.
*720 The Agreement then made provision for various items of property.
On November 30, 1988, Brown filed a motion to modify his obligation as to support money and alimony, based upon an alleged material change in the parties' circumstances. A two-day hearing on the motion and other pleadings was held in May, 1989.
At the time of the hearing Brown had no further obligation as to the two oldest sons; the only support obligation remaining was as to the youngest, Steven Andrew, who was still in high school.
At the time he executed the Agreement, Brown was a counselor for the Mississippi Department of Vocational rehabilitation, earning a net annual income of $14,158.00 of which he paid $11,244.00 in child support for all three children then in the home. Mrs. Brown was then a receptionist in Meridian for a medical group, earning $5.75 per hour.
Brown remarried in 1986 and continued to pay the support payments pursuant to the Agreement. In January, 1988, he received a promotion to supervisor over 10 counties, and moved from McComb to Como. His gross earned income was raised to $37,735.56 ($3,144.63 per month gross) and his one-half net income support obligation for the one unemancipated child increased in proportion, to $952.80. Brown's financial statement showed that his total monthly expenses were $3,151.00, which was obviously in excess of his income. Mrs. Brown was working at Sears earning $8.50 per hour, giving her a net monthly income of $1,488.00, but her expenses including the $519.00 house payment were $1,830.00 per month.
When Brown filed his Motion for Modification, he reduced the support payment from $963.00 to $534.00, which was the percentage (17%) provided in the Mississippi child support guidelines (effective October 1, 1989). Brown sought custody of the unemancipated son.
Brown was continuing to pay the $534.00 as of the trial in May, 1989. Both Brown and Mrs. Brown (the first wife) admitted having received financial assistance from Brown's second wife and her parents, respectively. Moreover, both parties claimed to have been forced to borrow money from credit cards and banks to meet expenses.
In addition to his support payments, Brown paid all medical expenses in excess of the medical policy he was required to provide.
After moving to Como, his travel expenses increased because his new job covered a larger area. He also had to travel further to Meridian to visit with his son. He had no significant assets at trial and contended that while it took two-thirds of his net income to support the three children in 1983, one-half of his current higher income was in excess of the support necessary for the remaining son. He contended that he was only concerned for his children when he hastily executed the Agreement.
The chancellor was of the view that under the agreement Brown had agreed to pay Mrs. Brown the set forth fractional portions of his net salary regardless of his income, and the court had no authority to alter this in the absence of some showing of a material change in the circumstances of the parties. There being no material change in circumstances shown, the chancellor denied Brown's motion, insofar as it sought to reduce his child support payments from one-half his current salary.
Brown has appealed.

LAW
Miss. Code Ann. § 93-5-2, our statute governing divorce on the grounds of irreconcilable differences, provides in pertinent part:
§ 93-5-2. Divorce on grounds of irreconcilable differences.
... No divorce shall be granted on the ground of irreconcilable differences unless the court shall find in its decree that the parties have made adequate and sufficient provision by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties. The agreement may be incorporated in the decree, and such *721 decree may be modified as other decrees for divorce.
The statute thus provides that before granting a divorce the parties must by written agreement make adequate provision for child custody and maintenance, and also settle all property rights between them. The statute further provides that the decree may be modified as other decrees for divorce, which could only refer to child custody and maintenance, because property right settlements are fixed and final. East v. East, 493 So.2d 927 (Miss. 1986); In re Estate of Kennington, 204 So.2d 444 (Miss. 1967). A divorce judgment relating to child support is not a settlement of property rights, which is immutable, fixed and not subject to change, but a decretal provision based upon the reasonable needs of a child coupled with the ability of a parent to pay, Carpenter v. Carpenter, 519 So.2d 891, 894 (Miss. 1988), and which can vary, dependent upon future developments.
In Switzer v. Switzer, 460 So.2d 843, 846 (Miss. 1984), we held:
We have heretofore held that, for purposes of subsequent modification proceedings, alimony and child support provisions found in an agreement made incident to an irreconcilable differences divorce are treated the same as though the chancellor had made the award for a contested divorce trial. Marascalco v. Marascalco, 445 So.2d 1380, 1381-1382 (Miss. 1984); Tedford v. Dempsey, 437 So.2d 410, 417 (Miss. 1983); Taylor v. Taylor, 392 So.2d 1145, 1147-1149 (Miss. 1981).
Examining the support provisions of the 1983 judgment, the same as a child support award in a contested divorce, we do not believe a chancery court would  or indeed validly could in the absence of some extraordinary circumstances  render a decree that, regardless of a parent's future salary, he would have to pay one-half of it as child support for one child. Aldridge v. Parr, 396 So.2d 1027 (Miss. 1981). And, if such were the chancery court's intent, it would have to be set forth with more absolute certainty than was done in this case.
In Carpenter, supra, 519 So.2d at 894, we set forth criteria for child support awards:
In Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955), this Court required the chancellor to consider several factors in awarding original sum of alimony and child support. These factors are as follows:
(1) The health of the husband and his earning capacity;

(2) The health of the wife and her earning capacity;
(3) The entire sources of income of both parties;
(4) The reasonable needs of the wife;
(5) The reasonable needs of the child;

(6) The necessary living expenses of the husband;

(7) The estimated amount of income taxes the respective parties must pay on their income;
(8) The fact that the wife has the free use of the home, furnishings, and automobile; and
(9) Such other facts and circumstances bearing on the subject that might be shown by the evidence. [Emphasis added]

Also, Tedford v. Dempsey, 437 So.2d 410, 422 (Miss. 1983), "... chancellor should consider all circumstances relevant to the needs of the children and the capacities of the parents."
It should be noted that requiring a parent to pay one-half of his net salary for support of one child, without examining the child's needs, is not the escalation clause we recommended in Tedford v. Dempsey, supra, 437 So.2d at 419, to take care of inflation in the cost of living.
Nor is this the case of Morris v. Morris, 541 So.2d 1040 (Miss. 1989), where the father entered into an agreement for child support which he knew at the time he was unable to pay, following which the chancellor was not inclined to modify the judgment. In Morris, however, this Court clearly recognized the equitable powers of *722 a chancery court to reduce an unjust decree.
The equitable powers of the chancery courts of this state are tremendously flexible in situations such as this, and there will be no attempt to place any limits on them here. Suffice it to say that the trial court did not abuse its discretion in this case.
541 So.2d 1043-1044.
This case does not involve a question of a parent seeking to reduce child support payments he has been making, but rather whether he is required to increase the payments beyond the child's reasonable needs.
One-half of Brown's net salary in 1983 might very well constitute the floor of his monthly child support payments in the absence of a material change. Yet this does not mean that the chancery court is required to make one-half of his present net salary the floor.[1]
In Tedford v. Dempsey, supra, 437 So.2d at 417, a support modification case, we stated, "All need be reminded that in cases such as this the best interests of the children are always our touchstone."
In sum, we find that the chancellor, under the facts of this case, is not bereft of authority to grant any relief, but rather is empowered under well-recognized parameters to determine what the present condition of the parties require Brown to pay as child support for the remaining child. The 1983 divorce judgment by no means mandates the court to order Brown to pay one-half of his present net salary.
We do not address the provision of the judgment pertaining to alimony, as that question is not before us.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Chancery Courts are also aware, of course, of the statutory guides of Miss. Code Ann. § 43-19-101 (Supp. 1990).