616 So.2d 337 (1993)
Sharon P. GRIER
v.
Michael H. GRIER.
No. 90-CA-1039.
Supreme Court of Mississippi.
April 1, 1993.
*338 Phil R. Hinton, Wilson & Hinton, Corinth, for appellant.
David L. Coleman, Corinth, for appellee.
En Banc.

ON PETITION FOR REHEARING
DAN M. LEE, Presiding Justice, for the Court:
The decision of the Chancellor in this case was originally affirmed per curiam, on August 26, 1992. However, on petition for rehearing, this Court was made aware that there exists among members of the bar practicing in this area, a perception of uncertainty in the law regarding the issue discussed below. Accordingly, the per curiam affirmance of August 26, 1992 is withdrawn and the following opinion issues in its stead.
This case presents the important question of whether a property settlement agreement which was entered into by both parties in contemplation of severing their marriage by filing a joint complaint for divorce on the grounds of irreconcilable differences ("no-fault") under Miss. Code Ann. § 93-5-2 (Supp. 1992) can be attached and enforced in an action other than irreconcilable differences.
As we interpret this section, in the absence of an effective contractual provision to the contrary, all agreements in contemplation of no-fault divorce are voided when, for some reason, the irreconcilable differences proceeding fails and a party seeks a divorce on other grounds. In this case, the Chancellor declined to incorporate a prior property settlement, negotiated in anticipation of a no-fault divorce, into his decree granting a divorce for adultery. We affirm.

I. FACTS
On May 7, 1990, Sharon and Michael Grier filed a joint complaint, No. 26,680, for divorce based upon irreconcilable differences. In connection with this complaint, they also executed and filed an Agreement Concerning Child Custody, Child Support and Property Rights. Thereafter, before any action was taken by the lower court, Sharon filed a separate and distinct complaint, No. 26,809, on July 19, 1990, seeking divorce on the grounds of adultery. At the hearing on the second complaint, Sharon sought to have the property settlement agreement which was attached to the joint complaint for divorce based on irreconcilable differences enforced under the second complaint for divorce based on adultery. The divorce was granted but the Chancellor declined to enforce the property settlement agreement that was signed and negotiated in contemplation of the joint complaint for divorce based upon irreconcilable differences, stating:

*339 The issue this Court faces is whether or not that contract is valid and should be enforced in these proceedings... . The Court is not going to enforce the contract. The Court finds that the contract was entered into in obvious contemplation of a no-fault divorce proceeding. The statute is clear that either party, while such an action is pending, may withdraw his or her consent to that proceeding. Technically, .. . neither party withdrew consent. It is obvious to the Court by the filing of [the adultery complaint] by Mrs. Grier, that the joint action had broken down and was not to be pursued. The Statute on No-fault Divorce 93-5-2 reads in part: No divorce shall be granted on the ground of irreconcilable differences unless the Court shall find the parties provided by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties, and the Court finds that such provisions are adequate and sufficient. The Court notes that such an agreement to be enforceable must be approved by the Court. That agreement had not yet been approved by the Court, and even though Mrs. Grier sought it's [sic] approval and enforcement in this proceeding the Court believes the provisions meriting no-fault divorce must control in this situation. If that were not the case then an agreement when entered would be enforceable regardless.
(emphasis added).
Sharon Grier appealed the judgment below and this Court affirmed per curiam. Now, on petition for rehearing, this opinion issues to clarify the rule of law applicable to facts such as these.

II. LEGAL ANALYSIS
The only issue presented is the effect of the property settlement agreement entered into in connection with the irreconcilable differences complaint in the later, and separate, action for divorce on the grounds of adultery. The answer can be found in our statute on irreconcilable differences divorce and the cases applying it.
The statute governing no-fault divorce provides, in pertinent part:
(2) If the parties provide by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties and the court finds that such provisions are adequate and sufficient, the agreement may be incorporated in the judgment, and such judgment may be modified as other judgments for divorce.
* * * * * *
... The failure or refusal of either party to agree as to adequate and sufficient provisions for the custody and maintenance of any children of that marriage or any property rights between the parties, or any portion of such issues, or the failure or refusal of any party to consent to permit the court to decide such issues shall not be used as evidence, or in any manner, against such party.

* * * * * *
Except as otherwise provided in subsection (3) of this section, no divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial; ...
Miss. Code Ann. § 93-5-2 (Supp. 1992).
The statute's intent is to provide a less painful alternative to the traditional grounds for divorce which required the parties to publicly put on proof of sensitive private matters. Instead, under § 93-5-2, where the parties are agreeable, they may forego the aforementioned discomfort. The statute contemplates the simple filing of a complaint and various agreements as a "package deal." The cornerstone of the process is mutual consent. The parties bargain on the premise that reaching an agreement will avoid the necessity of presenting proof at trial. It would be fundamentally unfair to hold either of the parties to portions of the package after the foundation of the bargain is removed.
For the foregoing reason, our prior cases have held that such agreements do not *340 have force of law unless and until they are approved by the chancellor. For instance, in McCleave v. McCleave, 491 So.2d 522 (Miss. 1986), this Court upheld a chancellor's refusal to incorporate a prior custody agreement into a subsequent divorce decree. In McCleave, the parties entered into a child custody agreement in connection with their pending action for divorce on the grounds of irreconcilable differences. A few days later, Mr. McCleave learned that he had cause to pursue a divorce on other grounds. After a hearing, the chancellor granted the divorce on other grounds and awarded custody of the child to Mr. McCleave, notwithstanding the previous agreement between the parties to the contrary.
It would have been better procedure if the appellee had objected specifically to and withdrawn the prior suit. However, the filing of the second complaint, inconsistent with the first complaint grounded on irreconcilable differences, was an effective withdrawal from and objection to the first complaint.

McCleave, at 523 (emphasis added).
The filing of the second complaint terminated not only the no-fault proceeding, but also any obligations under the agreement negotiated in anticipation of the no-fault divorce.
Although a properly drafted agreement may be binding vis-a-vis the parties, the chancellor may elect, in his discretion, to modify its terms in a divorce decree. Miss. Const. art. IV, § 94. This is sometimes necessary to protect the parties individually and to ensure that the court is not used as a tool for implementing unconscionable contracts which are not fair to either party. Furthermore, all such agreements are subject to the court's approval. As the Chancellor held in the case sub judice:
The Court notes that such an agreement to be enforceable must be approved by the Court. That agreement had not yet been approved by the Court, and even though Mrs. Grier sought it's approval and enforcement in this proceeding the Court believes the provisions meriting no-fault divorce must control in this situation. If that were not the case then an agreement when entered would be enforceable regardless. The Court in this case is distinguishing this agreement on that basis. The no-fault divorce proceeding was not pursued by at least one side or one side wished to withdraw.
Additional support for our decision may be found in Traub v. Johnson, 536 So.2d 25 (Miss. 1988). In Traub, the parties signed a property settlement agreement in November in contemplation of an irreconcilable differences divorce. Then, in December, one party presented the other with documents conveying additional property, which were duly executed. The chancellor never saw or approved the December agreements. In a later declaratory action, the chancellor ruled that the additional assignments and conveyances executed in December were not a part of the written agreement submitted to the chancery court and that, therefore, the December agreement was not enforceable. We affirmed, stating that:
The Sullivan opinion clearly states that a prior agreement entered into by the parties is not enforceable if it is not approved by the Court.
Traub, 536 So.2d 25, 26 (citing Sullivan v. Pouncey, 469 So.2d 1233 (Miss. 1985)).
The Sullivan case cited in Traub also supports the principle that settlement agreements are not final unless approved by the court. The facts in Sullivan were slightly different in that the parties submitted one contract to the court while privately intending to be bound by another. In a later action to enforce the private agreement, the chancellor determined, based on general contract principles, that the private contract was binding. This Court reversed, and indicated that where a property settlement is entered into in contemplation of a divorce on the grounds of irreconcilable differences, there is more at work than general contract law. The governing statute injects the court into the process, making approval necessary. To quote from the opinion:
In reviewing this cause, we first note that the divorce was granted on the *341 grounds of irreconcilable differences subject to Mississippi Code Annotated, Section 93-5-2 (1972). That form of divorce requires that the parties enter into a property settlement agreement, which is to be incorporated into the final decree. Switzer v. Switzer, 460 So.2d 843 (Miss. 1984). A prior agreement entered into by the parties is not enforceable, if not approved by the court. It would be tantamount to defrauding the court for parties to present to the court a property settlement agreement, which is subsequently incorporated into the final decree, while actually intending to abide by a contradictory, private contract. This is clearly against public policy.
Sullivan v. Pouncey, 469 So.2d 1233, 1234 (Miss. 1985).

III. CONCLUSION
Today we hold that a property settlement agreement executed in contemplation of a divorce based upon irreconcilable differences is unenforceable when one party withdraws from the irreconcilable differences proceeding and seeks a divorce on grounds other than irreconcilable differences. Much confusion may be avoided by inserting appropriate language within the property settlement agreement which specifically addresses this contingency.
It is not our intent to limit the parties' rights to contract. However, the contract should specify, with particularity, within its four corners, whether it is to be limited to an irreconcilable differences divorce or whether it is intended to be binding in a divorce granted on any other grounds.
The decision of the Chancellor is AFFIRMED.
HAWKINS, C.J., and SULLIVAN, BANKS and McRAE, JJ., concur.
PRATHER, P.J., dissenting with separate written opinion joined by PITTMAN, J.
ROBERTS and SMITH, JJ., not participating.
PRATHER, Justice, dissenting.
I respectfully dissent to the majority opinion regarding the unenforceability of the property agreement entered into by the Griers. It is my opinion that such a decision impermissibly limits a husband's and wife's capacity to contract with one another.

I.
The requirement that a written property settlement be agreed upon by the parties in a no-fault divorce originates from Miss. Code Ann. § 93-5-2 (Supp. 1992). Section 93-5-2 provides for a divorce on grounds of irreconcilable differences:
(2) If the parties provide by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties and the court finds that such provisions are adequate and sufficient, the agreement may be incorporated in the judgment, and such judgment may be modified as other judgments for divorce.
... .
(3) No divorce shall be granted pursuant to this subsection until all matters involving custody and maintenance of any child of that marriage and property rights between the parties raised by the pleadings have been either adjudicated by the court or agreed upon by the parties and found to be adequate and sufficient by the court and included in the judgment of divorce.
Pursuant to the above statute, the parties in the case sub judice drafted and signed an "Agreement Concerning Child Custody, Child Support and Property Rights." The agreement provides in part as follows:
(9) The parties hereto acknowledge that there has been a complete settlement and distribution of all property rights heretofore existing between them and that the distribution is fair and equitable. By the execution of this Agreement, Husband and Wife do hereby release each other from any claim which he or she may ever had, may now have, or may have in the future as a result of the marital relationship between the parties except those *342 obligations as set forth in this Agreement.
The chancellor found that the agreement was in "obvious contemplation of a no-fault divorce proceeding." In so finding, he added a subjective finding to the contract and thereby amended its terms. At no place within the four-corners of the contract was a contingency placed on the enforceability of this contract requiring the approval of the chancery court or the granting of a no-fault divorce. Pursue Energy Corp. v. Perkins, 558 So.2d 349, 352 (Miss. 1990). It is my opinion that the majority's affirmance is in error because it subjects an otherwise valid contract to a subjective non-contract analysis. In my view a property settlement is like any other contract and the parties' intent should be interpreted applying the law of contracts.

II.
A property settlement is a contractual agreement governed by the law of contracts. Roberts v. Roberts, 381 So.2d 1333, 1335 (Miss. 1980) ("The rules applicable to the construction of written contracts in general are to be applied in construing a postnuptial agreement"). "A true and genuine property settlement is no different from any other contract, and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character." East v. East, 493 So.2d 927, 932 (Miss. 1986).
This Court has upheld the freedom to contract and the right of sui juris married adults to enter into a valid and binding agreement regarding their property. Crosby v. Peoples Bank of Indianola, 472 So.2d 951, 955 (Miss. 1985). In Crosby, a case factually postured as the case sub judice, this Court held:
Although a divorce action was filed by the Crosbys on June 9, 1982, along with the settlement agreement, we are of the opinion that the agreement was binding and effective upon the parties even though a divorce action, subsequently, may never have been filed or a decree of divorce entered. The parties could have lived separate and apart for the rest of their lives and the instrument would have been binding upon them. The instrument constituted a valid, enforceable contract at the time of its execution and delivery on June 9, 1982.
Appellee takes the position that the separation agreement was not valid and enforceable until a divorce was granted because of Mississippi Code Annotated § 93-5-2 (Supp. 1982), referred to as the "No-Fault Statute".
... .
Under the statute, although a no-fault divorce may not be granted without the parties having made provisions by written agreement for custody and maintenance of children and for settlement of property rights between the parties, it does not delay the effective date of a separation agreement until a no-fault divorce is granted.
Id. at 955. In yet another case, Brown v. Brown, 566 So.2d 718 (Miss. 1990), this Court followed the same holding as follows:
[Miss. Code Ann. § 93-5-2] thus provides that before granting a divorce the parties must by written agreement make adequate provision for child custody and maintenance, and also settle all property rights between them. The statute further provides that the decree may be modified as other decrees for divorce, which could only refer to child custody and maintenance, because property right settlements are fixed and final. East v. East, 493 So.2d 927 (Miss. 1986); In re Estate of Kennington, 204 So.2d 444 (Miss. 1967). A divorce judgment relating to child support is not a settlement of property rights, which is immutable, fixed and not subject to change, but a decretal provision based upon the reasonable needs of a child coupled with the ability of a parent to pay, Carpenter v. Carpenter, 519 So.2d 891, 894 (Miss. 1988), and which can vary, dependent upon future developments.
Id. at 721.
The law of these cases emanates from the seminal case of Stone v. Stone, 385 *343 So.2d 610 (Miss. 1980), in which this Court held:
The property settlement entered into between the parties was not made subject to the approval of the chancery court; therefore, all of the provisions of the agreement except those pertaining to support of the wife, child support and custody retained a purely contractual nature. The provisions of the agreement pertaining to support of the wife and children and custody of the children were subject to modification by the chancery court in the divorce action, but the provisions pertaining to the conveyance and use of the land, the occupancy of the residence house by the wife, the duty of the husband to maintain the real property and the assignment of life insurance policies were permissible subjects of a contractual agreement.
Id. at 612. It is my opinion that the law of contracts controls this decision and that the majority opinion fails to follow the law set forth in the Crosby, Brown, and Stone opinions.
In the instant case, the settlement agreement makes no mention of the enforceability of this contract being contingent on the granting of an irreconcilable divorce. Had the parties intended to have the contract contingent upon the court's approval of a no-fault divorce, the contract would have so stated. Instead, it clearly and succinctly states that it is a "complete settlement and distribution of all property rights heretofore existing between them and that the distribution is fair and equitable." This language should govern, and the Crosby, Brown, and Stone cases should control the outcome of this case.

III.
The majority erroneously relies on McCleave v. McCleave, 491 So.2d 522 (Miss. 1986), for the proposition that a "property settlement" must be approved by the chancellor. In my opinion, McCleave is distinguishable from the case sub judice. In McCleave, this Court upheld the chancellor's decision to reverse the parties' prior custodial agreement and to grant custody of a minor child to Mr. McCleave. The decision at no time addresses the parties' "property settlement." The majority opinion is misplaced when it cites McCleave as support for its holding that property settlements of married adults are subject to modification.
Traub v. Johnson, 536 So.2d 25 (Miss. 1988) and Sullivan v. Pouncey, 469 So.2d 1233 (Miss. 1985), also are distinguishable. Both Traub and Sullivan are premised on preventing a fraud on the court. In the instant case, no such fraud exists. These cases should not be read to allow a chancellor to invalidate an inherently binding contractual agreement on non-fraudulent, non-contractual grounds.

IV.
This dissent does not diminish, in any way, the Chancery Court's authority to approve an agreement between divorcing parents with regard to their children. Children of divorcing parents are wards of the court and the court is charged with the duty to protect the children's best interests. See Owens v. Huffman, 481 So.2d 231, 244 (Miss. 1985). Thus, matters relating to child custody and support are rightfully reviewed and approved by the chancellor to assure that the children's best interests are protected.

V.
Absent a showing of some contractual fault or perpetration of fraud on the court, this contract should be upheld as the parties' property settlement. The opinion of the majority places a limitation on the freedom of contract between married adults, sui juris, who are advised by counsel, to enter into a contract regarding division of their marital property. I respectfully dissent and would follow the Stone, Crosby, and Brown holdings previously announced by this Court.
PITTMAN, J., joins this opinion.