966 So.2d 1258 (2007)
Denis Farris CARLSON, Appellant,
v.
Kathryn Myra MATTHEWS (Carlson), Appellee.
No. 2006-CA-01283-COA.
Court of Appeals of Mississippi.
October 23, 2007.
*1259 James F. Thompson, Gulfport, G. Eric Geiss, attorneys for appellant.
Woodrow W. Pringle, Gulfport, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On June 15, 2006, the Chancery Court of Harrison County entered a judgment denying Denis Carlson's request to reconsider an award of attorney's fees, awarding Kathryn Carlson an amount to cover taxes she paid, and refusing to give Denis credit against child support for an amount Kathryn paid in taxes as a result of withdrawing Denis's retirement. Aggrieved, Denis appeals and asserts (1) that the trial court lacked jurisdiction to conduct the May 28, 2002, hearing because Kathryn did not properly serve Denis with a Rule 81 summons, (2) that it was error for the chancellor to enter a Qualified Domestic Relations Order (QDRO) transferring an interest in Denis's retirement account, and (3) that the QDRO was prepared without authority, was overreaching, and was inequitable. Finding no error, we affirm.

FACTS
¶ 2. Denis and Kathryn married on August 27, 1983. They had three children during the course of the marriage, Amanda, Adam, and Cory, who were seventeen, fifteen, and twelve, respectively, at the time Denis filed his motion for modification. Their marriage came to an end on May 23, 1993, when they agreed to a divorce based on irreconcilable differences. Concurrent with the divorce, the chancellor approved a property settlement between the parties.
*1260 ¶ 3. Following a hearing, on July 6, 2001, the Chancery Court of Harrison County ordered Denis Carlson to pay $773 in unpaid medical and dental bills and increased his child support payment to $880 per month. Denis subsequently lost his job for allegedly wrecking his company car while under the influence of alcohol. He then filed a motion, on November 29, 2001, to modify his child support payments due to the change in income brought about by his unemployment.
¶ 4. In its ruling concerning the motion, the chancellor found that Denis had come to court with unclean hands and, therefore, was not entitled to equitable relief. Specifically, the chancellor noted that Denis was months behind on his child support payments. Nevertheless, he had received $20,000 from BellSouth and $33,000 from a 401K, none of which he paid to Kathryn for child support. Denis also admitted that he checked into cashing in his retirement, valued at more than $200,000, but he found there was a lien against it. The order, therefore, denied Denis's motion for modification and ordered him to pay $7,443.78 in unpaid child support, plus interest and costs.
¶ 5. Following entry of the above judgment, the chancellor signed a QDRO granting Kathryn an interest in Denis's retirement for the value of unpaid child support and to secure future support. The amount included unpaid child support as well as an amount sufficient to guarantee future child support.[1] On March 16, 2004, the chancellor entered an order finding Denis in arrears in child support and in willful contempt of past orders. The order required Denis to pay all support, insurance, and other expenses on which he was in arrears. It also awarded Kathryn attorney's fees and directed that a third QDRO be entered to guarantee payment of current and future child support. In a final order, on June 15, 2006, the court refused to reconsider the award of attorney's fees to Kathryn and ordered that Denis would not receive credit for the taxes that Kathryn had to pay on her interest in the retirement. It was following this order that Denis appealed.

STANDARD OF REVIEW
¶ 6. The scope of review in a domestic relations case is limited by the substantial evidence/manifest error rule. Mizell v. Mizell, 708 So.2d 55, 59(¶ 12) (Miss.1998). We will not disturb a chancellor's findings unless manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Id. at 59(¶ 13). "This court will not substitute its judgment for that of the chancellor `even if this Court disagrees with the lower court on the finding of fact and might . . . [arrive] at a difference conclusion.'" Owen v. Owen, 798 So.2d 394, 397-98(¶ 10) (Miss.2001) (quoting Richardson v. Riley, 355 So.2d 667, 668 (Miss. 1978)). However, we will conduct a de novo review for questions of law. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721(¶ 5) (Miss.2002).

ISSUES AND ANALYSIS
I. Rule 81 summons
¶ 7. Denis argues that the chancellor erred by proceeding with the May 28, 2002, hearing in the absence of service of process on him, as required by Rule 81 of the Mississippi Rules of Civil Procedure. In the present case, however, the trial court treated the initiating action as Denis's motion for modification of child support. It was in response to this motion by Denis that Kathryn filed an answer and a counterclaim for contempt.
*1261 II. Qualified domestic relations order
¶ 8. Denis argues that any rights that Kathryn had in his retirement account as an alternate beneficiary were extinguished when the parties fully divided their property incident to divorce. To support this, he cites language from the agreement which states that the parties relinquish all claims. He argues that the final property agreement was not subject to modification and that it was a type of quasi-contract. Furthermore, Denis argues that the action filed by Kathryn was barred by the seven-year statute of limitations for an action based on a domestic judgment and that the child support exception did not apply since interest in the retirement funds vested in Kathryn.
¶ 9. To begin, we note that the question of whether a statute of limitations bars an action is subject to de novo review. Carite v. Carite, 841 So.2d 1148, 1152(¶ 7) (Miss.Ct.App.2002). Mississippi Code Annotated section 15-1-43 (Rev.2003) provides for a seven-year statute of limitations for actions based on a domestic judgment. However, the statute is tolled until the child reaches the age of twenty-one. Miss. Code Ann. § 15-1-59 (Rev.2003). As the children for whom Denis was obligated to pay support were all in their minority at the time he filed the initiating action, the statute of limitations had not yet begun to run.
¶ 10. Next, for an order to qualify as a QDRO, it must be related to child support, alimony, or property division pursuant to state domestic relations law. 29 U.S.C. § 1056(d)(3)(B)(ii) (1974). This Court has found that a chancery court had the authority to enter a QDRO to enforce its original judgment. Carite, 841 So.2d at 1153(¶ 8).
¶ 11. Denis's argument that it was not proper for the chancellor to put the child support payments in Kathryn's name is also without merit. We have stated before that it is proper for a parent to receive an award of back child support. Id. at 1155(¶ 15) (citing Alexander v. Alexander, 494 So.2d 365, 367 (Miss.1986)). However, the parent does have a duty to use the award for the benefit of the child. Id.
¶ 12. Denis is correct in his assertion that a property settlement is viewed as a quasi-contract. Grier v. Grier, 616 So.2d 337, 340 (Miss.1993). He is also correct that a property settlement is not subject to modification. East v. East, 493 So.2d 927, 931-32 (Miss.1986). Nevertheless, Denis was obligated to pay child support to Kathryn, something that he had failed to do since he lost his job in 2001.
¶ 13. The chancellor noted that this could have served as grounds for reducing his child support obligations. However, Denis admitted that he received $53,000 in 2002, from which he paid no child support. He also told the court that he would have cashed in his retirement, worth more than $200,000, if there had not been a lien against it. Ultimately, this was not a modification of the property settlement to which the parties agreed but a means of enforcing that agreement, specifically, the provision in it relating to child support.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The amount for future support was to be paid into the court registry and distributed to Kathryn as each child support payment came due.