MYERS, P.J.,
 

 for the Court:
 

 ¶ 1. On April 17, 2006, Sheryl Jean Cobb filed a complaint for divorce in the Chancery Court of Lee County, Mississippi against her husband of thirty-six years, L. Dennis Cobb. Sheryl’s complaint was grounded on habitual cruel and inhuman treatment, adultery, and, in the alternative, irreconcilable differences. Dennis filed an answer denying that Sheryl was entitled to a divorce on any grounds.
 

 ¶ 2. On the day set for trial on Sheryl’s complaint for divorce, November 28, 2007, the parties and counsel appeared in court in Booneville, Mississippi. No trial was had; instead, the parties reached a settlement late that afternoon, after what was later described as protracted negotiation. The parties presented an agreed judgment of divorce on the grounds of irreconcilable differences to the chancellor, and it was entered as a final judgment of divorce that same day.
 

 ¶ 3. Twenty-nine days after the judgment of divorce was entered, Dennis retained new counsel and filed a timely notice of appeal. The appeal, however, was ultimately dismissed for want of prosecution after Dennis failed to file a timely brief.
 

 ¶ 4. Subsequently, on November 10, 2008, Dennis filed a motion to set aside, alter, or amend the judgment of divorce, alleging that the divorce judgment was void because certain statutory requirements were not met, including that Sheryl had failed to withdraw fault grounds prior to the entry of the irreconcilable differences divorce judgment. Sheryl filed a response, and the chancellor heard the matter on November 26, 2008. On December 4, 2008, the chancery court the denied the motion, and Dennis appeals from that judgment.
 

 ¶ 5. On appeal, Dennis argues that: (1) this Court has jurisdiction over this appeal; (2) the divorce judgment was void because certain statutory requirements were not met;
 
 [1]
 
 and (3) the chancellor required Dennis and his former attorney to testify as to certain communications protected by the attorney-client privilege. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 6. In reviewing the judgment of a chancery court, an appellate comb “will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, applied an erroneous legal standard, was manifestly wrong, or was clearly erroneous.”
 
 Hamilton v. Hopkins,
 
 834 So.2d 695, 699(¶ 12) (Miss.2003) (citations omitted). Additionally, where the chancellor has made no specific findings, we will proceed on the assumption that he resolved all such fact issues in favor of the appellee.
 
 Newsom v. Newsom, 557
 
 So.2d 511, 514 (Miss.1990). A chancellor’s interpretation and application of the law, however, is
 
 *148
 
 reviewed de novo.
 
 Tucker v. Prisock,
 
 791 So.2d 190, 192(¶ 10) (Miss.2001).
 

 DISCUSSION
 

 1. Jurisdiction
 

 ¶ 7. As a threshold issue, Sheryl argues that this Court lacks jurisdiction to hear this appeal because Dennis’s prior direct appeal from the judgment of divorce was dismissed for want of prosecution. Sheryl argues that jurisdiction is precluded by Mississippi Code Annotated section 11-3-15 (Rev.2002), which states: “After the dismissal of an appeal or supersedeas by the supreme court, another appeal or supersedeas shall not be granted in the same cause, so as to bring it again before the court.”
 

 ¶ 8. We find that this Court has jurisdiction to hear this appeal. We have stated that a void judgment “may be attacked directly or collaterally, anywhere, and at any time. Such a judgment is a usurpation of power and is an absolute nullity.”
 
 Pittman v. Pittman,
 
 4 So.3d 395, 399(1115) (Miss.Ct.App.2009) (quoting
 
 Stevens v. Stevens,
 
 346 So.2d 909, 912 (Miss.1977),
 
 overruled on other grounds, O’Neal v. O’Neal,
 
 17 So.3d 572 (Miss.2009)). The instant appeal is not a successive appeal from the judgment of divorce; it arose from Dennis’s motion to set aside the judgment of divorce as void. As to such motions, “essentially, there can be no time limitation for relief from a void judgment as no amount of time or delay may cure a void judgment.”
 
 O’Neal,
 
 17 So.3d at 575(¶ 14). We therefore find section 11—3— 15 inapplicable.
 

 2. Statutory Requirements for an Irreconcilable Differences Divorce
 

 ¶ 9. Dennis asserts that the judgment of divorce is void because the chancery court failed to meet certain requirements of the irreconcilable divorce statute, Mississippi Code Annotated section 93-5-2 (Supp. 2009).
 

 A. Consent to Submit the Issues to the Court
 

 ¶ 10. Dennis argues that the divorce judgment is void because the parties failed to execute a consent pursuant to section 93-5-2(3), which provides in relevant part:
 

 If the parties are unable to agree upon adequate and sufficient provisions for the custody and maintenance of any children of that marriage or any property rights between them, they may consent to a divorce on the ground of irreconcilable differences and permit the court to decide the issues upon which they cannot agree. Such consent must be in writing, signed by both parties personally, must state that the parties voluntarily consent to permit the court to decide such issues, which shall be specifically set forth in such consent, and that the parties understand that the decision of the court shall be a binding and lawful judgment.... No divorce shall be granted pursuant to this subsection until all matters involving custody and maintenance of any child of that marriage and property rights between the parties raised by the pleadings have been either adjudicated by the court or agreed upon by the parties and found to be adequate and sufficient by the court and included in the judgment of divorce.
 

 ¶ 11. In reviewing the record, we find that this issue is without merit. Subsection (3) is, by its own terms, operative only where “the parties are unable to agree upon adequate and sufficient provisions for the custody and maintenance of any children of that marriage or any property rights between them.” Under such circumstances subsection (3) allows the par
 
 *149
 
 ties to nonetheless submit those issues they cannot agree upon to the court.
 
 Id.
 
 In this case, it is clear that no issues were submitted to the chancellor.
 

 ¶ 12. Instead, the record indicates that the judgment of divorce was entered pursuant to section 93-5-2(2), which states:
 

 If the parties provide by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties and the court finds that such provisions are adequate and sufficient, the agreement may be incorporated in the judgment, and such judgment may be modified as other judgments for divorce.
 

 The record and testimony at the hearing indicate that, following settlement negotiations, the parties prepared a judgment of divorce, which included subdivisions titled “Retirement Account” and “Property Settlement.” The first provided for the disposition of funds contained in a certain retirement account, and the property settlement section provided for the disposition of real property, automobiles, and various personal effects. The proposed judgment also noted that both children born of the marriage were emancipated, and it provided that no alimony or attorney’s fees would be awarded. It additionally stated that it was “agreed and approved for entry” by the parties, and it was subscribed by the parties and their attorneys.
 

 ¶ 13. Testimony taken at the hearing indicated that this document was executed by the parties prior to its presentation to the chancellor and the entry of the judgment of divorce.
 

 ¶ 14. We find that the proposed agreed order meets section 93-5-2(2)’s requirement of a written agreement.
 

 B. Finding that the Property Settlement in “Adequate and Sufficient”
 

 ¶ 15. Dennis also argues that the divorce judgment is void because the chancellor failed to expressly recite that the agreed settlement was found to be “adequate and sufficient,” as required by section 93-5-2.
 

 ¶ 16. In reviewing the record, we agree that the chancellor made no express finding that the settlement was “adequate and sufficient.” An express finding, however, is not required. In
 
 In re Dissolution of Marriage of De St. Germain,
 
 977 So.2d 412, 417(¶ 14) (Miss.Ct.App.2008), we stated:
 

 [W]e decline to find that, for a lack of the specific words “adequate and sufficient,” the chancellor committed reversible error'. The supreme court held that section 93-5-2 “anticipates more than just a mere recitation of the obligatory words of the statute.” Logic and reason dictate that a lack of “a mere recitation of the obligatory words” is not outcome determinative or fatal to the property settlement agreement at issue. As the supreme court did in
 
 Perkins
 
 [v.
 
 Perkins,
 
 787 So.2d 1256 (Miss.2001) ], it is necessary to view the actual agreement and the provisions it contains to determine whether the agreement is adequate and sufficient in terms of equity and entirety.
 

 (Footnote omitted).
 

 ¶ 17. In ruling on Dennis’s motion to set aside the divorce, the chancellor belatedly found the settlement agreement to be adequate and sufficient. On appeal, Dennis does not appear to argue that this finding was in error or that the property settlement agreement was actually not adequate and sufficient in some respect, and he offers no explanation of why this Court
 
 *150
 
 should find it inadequate or insufficient. This issue is without merit.
 

 C. Withdraw of Fault Grounds and Contest
 

 ¶ 18. Dennis also argues that the divorce judgment is void because he did not formally withdraw his initial denial of Sheryl’s assertion in her complaint that she was entitled to a divorce on the grounds of irreconcilable differences. He also cites to Sheryl’s failure to expressly withdraw her fault-based grounds for divorce, which he also contested.
 

 ¶ 19. We recognize that “divorce in Mississippi is a creature of statute, and that its provisions must be strictly complied with.”
 
 Irby v. Estate of Irby,
 
 7 So.3d 223, 239(¶ 54) (Miss.2009) (citing
 
 Perkins,
 
 787 So.2d at 1264(¶ 24)). Section 93-5-2(5) states:
 

 Except as otherwise provided in subsection (3) of this section, no divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial; provided, however, that a divorce may be granted on the ground of irreconcilable differences where there has been a contest or denial, if the contest or denial has been withdrawn or cancelled by the party filing same by leave and order of the court.
 

 ¶ 20. It is evident that no formal withdrawal of the contests or denials occurred prior to the entry of divorce in this case. The agreed judgment of divorce did provide, however, that “[a]ll further relief herein requested by either party is denied.” The chancellor found this sufficient to operate as a withdrawal of Sheryl’s fault-based grounds for divorce and Dennis’s initial denial of Sheryl’s assertion that she was entitled to a divorce on the grounds of irreconcilable differences.
 

 ¶ 21. Even if we assume that this did not strictly comply with the statutory requirement that “the contest or denial [be] withdrawn or cancelled by the party filing same by leave and order of the court,” the supreme court’s recent decision in
 
 Irby
 
 makes it clear that such a procedural failing need not be the end of our analysis. There, the supreme court upheld a divorce notwithstanding that the parties’ failure to formally withdraw their contests and denials, where the record indicated no factual issue as to actual consent of the complaining party. The court’s analysis is particularly instructive:
 

 The legislative purpose behind Section 93-5-2 “is to provide a less painful alternative to the traditional grounds for divorce which require[s] ... parties to publicly put on proof of sensitive private matters.”
 
 Grier v. Grier,
 
 616 So.2d 337, 339 (Miss.1993). The statute expressly permits parties to “bargain on the premise that reaching an agreement will avoid the necessity of presenting proof at trial.”
 
 Id.
 
 “The cornerstone of the process is mutual consent.”
 
 Id.
 
 To ensure that end, the statute contains certain conditions.
 
 Perkins v. Perkins,
 
 787 So.2d 1256, 1261 (Miss.2001) (citations omitted). The chief of these conditions is, “that neither spouse contestas] its granting.”
 
 Id.
 
 (quoting
 
 Sanford v. Sanford,
 
 749 So.2d 353, 357 (Miss.Ct.App.1999)).
 

 Irby,
 
 7 So.3d at 238(¶ 49). After reviewing several of its prior decisions, the court continued:
 

 The
 
 Perkins
 
 Court then addressed the appellee’s main contention that each of the procedural shortcomings in the matter were technical flaws and should be considered harmless error, claiming that the appellant had failed to show prejudice. In so doing,
 
 Perkins
 
 acknowledged this Court’s volition, in
 
 *151
 
 some instances, to affirm a lower court’s judgment granting a divorce based on irreconcilable differences despite failure to follow certain procedural safeguards. However, the Court then expressly indicated this is not appropriate when a party’s substantive lights are at issue. Notably,
 
 Perkins
 
 also stated that “[h]ad either party pled irreconcilable differences as an alternative, this case would be in line with
 
 [Rounsaville v. Rounsaville,
 
 732 So.2d 909 (Miss.1999) ], and the parties could have agreed to a property settlement on the day of trial.”
 
 Rounsaville
 
 upheld a trial court’s decision to grant a divorce based on irreconcilable differences where, at the time of the granting of the divorce, the parties had not entered into a property settlement, nor had the trial court adjudicated the presented issues as required under the statute.
 
 Rounsaville,
 
 732 So.2d at 911 (noting that, although this was error, it was harmless error since the appellant demonstrated no prejudice which would make the error reversible).
 

 Id.
 
 at 239(¶ 52) (citations omitted). The supreme court ultimately concluded that the record in that case “clearly show[ed] mutual consent” because the complaining spouse had signed a written consent to submit some disputed issues to trial before the chancellor, as provided by section 93-5-2(3). The contesting spouse’s substantive rights-i.e., actual consent to the divorce-therefore were not in question, and the divorce was upheld notwithstanding any failure to strictly comply with the statute.
 

 ¶ 22. Although this case does not involve a subsection (3) written consent, it falls in line with the
 
 Irby
 
 decision. In reviewing the record, we are satisfied that it clearly shows that Dennis gave actual consent to a divorce on the grounds of irreconcilable differences. Testimony indicated that, early on in the negotiations, the parties reached a general agreement as to an irreconcilable differences divorce and as to many of the more important terms of the property settlement agreement; the remainder of the time was spent “hammering out the details.” Dennis was actively involved in the negotiations, and he ultimately signed the agreed judgment of divorce and initialed several handwritten changes to the document.
 

 ¶ 23. At the hearing, Dennis acknowledged that he had voluntarily entered into the divorce. However, Dennis also made several equivocal statements suggesting that he did not actually consent. The substance of his complaints appears to be that he was unhappy with his options at the time he consented to the divorce, and that he had subsequently changed his mind.
 
 [2]
 
 This was not sufficient to put Dennis’s substantive rights at issue, as we have previously held that “[wjavering on whether a divorce should be entered may often occur and does not invalidate the divorce .... What is important is that agreement be validly expressed on the day that the chancellor is considering the issue.”
 
 Perkins,
 
 787 So.2d at 1261(¶ 11) (quoting
 
 Sanford,
 
 749 So.2d at 356(¶ 11)).
 

 ¶ 24. Additionally, much of this testimony was elicited on adverse examination,
 
 *152
 
 under objection from Dennis’s current attorney, who maintained that it was irrelevant and violative of the attorney-client privilege. The chancellor ultimately sustained these objections. Dennis did not argue a failure or defect of his actual consent to the divorce before the chancellor, and he has not argued it on appeal; his position was and is that the failure to formally withdraw the contests and denials, in and of itself, is reversible error. As the supreme court held in
 
 Irby,
 
 more is required. “There is a presumption that the judgment of the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to [the appellate court].”
 
 Valmain v. State,
 
 5 So.3d 1079, 1086(¶ 30) (Miss.2009) (quoting
 
 King v. State,
 
 857 So.2d 702, 731 (¶ 104) (Miss.2003)). Dennis has failed to do so.
 

 ¶ 25. Because the record shows mutual consent of the parties to divorce, we find that Dennis’s substantive rights are not at issue, and therefore any failure to formally withdraw contests or denials was harmless error.
 

 D. Recitation that the Parties Had Given Testimony
 

 ¶ 26. Dennis also argues that the agreed judgment of divorce is void because it incorrectly recites that the parties were present “and giving testimony.” Both parties agree that no testimony was heard by the chancellor on the day the divorce was entered. Dennis asserts that this is a “material variance” in the judgment which renders it void, but he cites no authority for this proposition.
 

 ¶ 27. The chancellor found that the language was “mere surplusage” and held any error harmless. We agree. Section 93-5-2(4) states in material part: “a joint complaint of husband and wife ... for divorce solely on the ground of irreconcilable differences shall be taken and proved and a final judgment entered thereon ...
 
 without proof or testimony
 
 .... ” (Emphasis added). This argument is without merit.
 

 3. Attorney-Client Privilege
 

 ¶ 28. On adverse examination during the hearing, Dennis testified that he was dissatisfied with his former attorney and that he believed he had been “misrepresented” in the divorce. When Sheryl’s attorney asked Dennis to elaborate, Dennis’s attorney asserted a continuing objection, citing the attorney-client privilege and arguing that the competency of Dennis’s representation was irrelevant to the proceedings. The chancellor took the objection under advisement and required Dennis to elaborate. He also allowed Dennis’s former attorney to testify regarding certain communications relevant to Dennis’s testimony, again over Dennis’s objection. These communications undoubtedly would ordinarily be subject to the attorney-client privilege. The chancellor ultimately sustained the objection, but only after hearing significant testimony regarding Dennis’s representation and the circumstances surrounding his consent to the divorce.
 

 ¶ 29. On appeal, Dennis makes no argument that this amounted to reversible error; he apparently seeks an admonition or an instruction on remand. Because we affirm the chancellor’s judgment, this issue is moot.
 

 ¶ 30. THE JUDGMENT OF THE CHANCERY COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Dennis presents this as two issues on appeal; however, we aggregate them to a single overarching issue for clarity and economy.
 

 [2]
 

 . Particularly, Dennis stated that he did not think that he had a real choice because his attorney had advised him that he could accept the negotiated property settlement agreement or go to trial on Sheryl's fault-based grounds, which would result either in the couple remaining married (which Dennis was unequivocal that he did not want) or in a less favorable distribution of the marital property than was offered in the property settlement agreement (as Dennis had previously admitted in a deposition and at another hearing that he had committed adultery). He also stated that he felt his attorney had been distracted by other cases or was overworked.