The Chancery Court of the First Judicial District of Hinds County, Honorable Paul G. Alexander, presiding, entered a decree finding Carroll Edward Rhodes in willful, deliberate contempt of court, for failure to pay unto Robbie Mishell Rhodes child support and automobile insurance premium. In addition, he prohibited Rhodes from practicing law in the Chancery Court of *Page 760 
Hinds County until he purged his contempt. Rhodes has appealed and assigns the following errors in the trial below:
(1) The chancery court erred in holding appellant was in willful and deliberate contempt of court.
(2) The chancery court erred in prohibiting appellant from practicing law until he purged himself from contempt.
(3) The chancery court erred in awarding attorney's fees to appellees.
(4) The chancellor erred in not recusing himself due to bias and prejudice.
On May 3, 1979, appellant and appellee were divorced in the Chancery Court of Hinds County, First Judicial District, on irreconcilable differences. The final decree awarded custody of three (3) minor children to appellee, provided for visitation rights to the father and ordered appellant to pay two hundred twenty-five dollars ($225.00) per month in child support for his children, to pay the balance on the family automobile, and to maintain insurance on it. He also was required to assume liability and pay for various charge accounts. On May 11, 1981, appellee filed a petition for a contempt citation against appellant, charging that he was in arrears in child support payments in the sum of nine hundred thirty-seven dollars ($937.00), that he had failed to maintain insurance on the automobile and that she was due sixty dollars ($60.00) as a result thereof. She also prayed for attorney's fees.
 I.
Did the chancery court err in finding that appellant was in willful and deliberate contempt of court?
The chancellor found that appellant was in contempt of court on the proof that Rhodes was eleven hundred sixty-two dollars ($1,162.00) in arrears in child support payments at the time of the trial, and that he had permitted the car insurance policy to lapse without justification. The appellee proved those two areas of the chancellor's decision, and it then became the responsibility and burden of appellant to prove his inability to pay the support and the car insurance, or to give a reasonable excuse for not doing so.
In Garceau v. Roberts, 363 So.2d 249, 250 (Miss. 1978), the Court said:
 While courts approach child support orders and credits thereon in a somewhat different manner from ordinary debts, it remains in the child support area, too, that when the creation of an indebtedness is established, as is admitted by appellee in this record, then payment of it is an affirmative defense which must be pleaded, Hannon Motor Co. v. Darr, 212 Miss. 870, 56 So.2d 64 (1952). The burden to prove that defense is, as in other affirmative allegations, upon the party relying thereon.
Without detailing the evidence, which consisted of testimony by appellant and appellee and an accounting by appellee, suffice it to say, there was a conflict in the evidence. On that conflict, the chancellor was manifestly wrong in his finding. However, we have reviewed the evidence on the question of contempt, and conclude that the chancellor was justified in such finding.
 II.
Did the chancery court err in prohibiting appellant from practicing law in the Chancery Court of Hinds County until he purged himself of contempt?
In the contempt order the chancellor decreed as follows:
 ORDERED, ADJUDGED AND DECREED that Carroll Edward Rhodes will be barred from practicing law in the Chancery Court of Hinds County until he purges himself of this contempt decree by paying in full the $1,162.00 of the past due child support, the $60.00 damages from the lapsed insurance policy, the attorney's fee of $250.00 and the court costs of $15.00.
Appellant contends the court had no authority to bar him from practicing law in the Hinds County Chancery Court and that the authority is vested in the Supreme Court under Mississippi Code Annotated § 73-3-301 (1972) which follows: *Page 761 
 Any attorney regularly admitted to practice law in the State of Mississippi or any attorney specially admitted to practice law by a court of this state or any individual admitted to practice as an attorney in any other jurisdiction who regularly engages in the practice of law within this state as house counsel to corporations or other entities, counsel for governmental agencies, out-of-state lawyers admitted or permitted to practice law in this state by comity, bar examination or otherwise are subject to the exclusive and inherent disciplinary jurisdiction of the Supreme Court of Mississippi and the disciplinary agencies hereinafter established and designated; provided, however, nothing herein contained shall be construed to deny to any other court such powers as are necessary for that court to maintain control over practice in and proceedings conducted before it, such as the power of contempt, not to prohibit local bar associations from censuring, suspending or expelling their members from membership in such local bar association.
The order amounted to a disbarment of the appellant from practicing law in the Chancery Court of Hinds County, presided over by three (3) chancellors, for the time indicated. We recognize that trial courts have the authority to control their dockets and to discipline attorneys and parties appearing before them for the orderly disposition of court business, but the action taken here exceeds that authority. An attorney should not be disciplined for misconduct outside of his professional capacity unless such misconduct is of a serious nature, and tends to show him to be an unfit person to be an attorney. In some jurisdictions, the courts lack authority to disbar an attorney for misconduct committed in his individual capacity and not in a professional capacity. 7 C.J.S. Attorney Client § 75 (1980).See also Ex parte Redmond, 156 Miss. 439, 455, 125 So. 833, 836 (1930).
Conceivably, the appellant could be called upon to appear before the Chancery Court of Hinds County in this cause or a different cause and would have the constitutional right to appear pro se. Under the subject order, he could not do so, in violation of his constitutional rights. The chancellor in the present case may recuse himself in matters involving appellant if he feels that he cannot act in a judicious manner. Therefore, we are of the opinion that the part of said order prohibiting appellant from practicing law in the Chancery Court of Hinds County should be reversed.
We have considered the other two assignments which relate to the payment of attorney's fees and that the chancellor was biased toward appellant, and find no merit in them.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.