Danny Hall Switzer has been found in violation of certain financial provisions of a property settlement agreement incorporated into a final decree of divorce entered by the Chancery Court of Rankin County, Mississippi, adjudged in contempt, and committed to the custody of the sheriff until he purge himself. He appeals to this Court, arguing that such an incorporated property settlement agreement is not enforceable by contempt proceedings and, in the alternative, that the agreement is too vaguely worded to support an adjudication of contempt. For the reasons set forth below, we reject Switzer's points and affirm.
Danny Hall Switzer (hereinafter "Danny") and Sharon J. Switzer (hereinafter "Sharon") were married on October 5, 1976. At some point in 1981 they separated. No children were born of the marriage. In due course thereafter the parties negotiated a property settlement agreement, obviously contemplating obtaining a divorce on grounds of irreconcilable differences. Miss. Code Ann. § 93-5-2 (Supp. 1984). At the time the parties owned a residence commonly designated by a street number as 303 Bay Road, Brandon, Rankin County, Mississippi. With respect to that residence, the parties provided in the agreement as follows:
 HUSBAND and WIFE covenant and agree that HUSBAND shall have the exclusive use and occupancy of the said marital home with the understanding that WIFE shall be given a reasonable period of time from the execution of this Agreement to vacate herself from the premises. HUSBAND shall have the responsibility and obligation to pay the indebtedness on the property inclusive of principal, interest, taxes and insurance. [Emphasis added]
The agreement goes on to provide for various contingencies with respect to the residence. We have studied the agreement with some care. We find nothing in it *Page 845 
which would relieve Danny of the obligation to pay the indebtedness secured by the residence so long as he resides there.
The agreement further provides that
 The parties agree, stipulate, and consent that the provisions of this Agreement may be incorporated into any decree of divorce entered in the action pending in the Chancery Court of Rankin County, Mississippi, with prior consent of said court.
Thereafter, on August 26, 1982, In The Matter Of The Dissolution Of The Marriage Of Sharon J. Switzer and Danny Hall Switzer, Docket No. 20,605, the Chancery Court of Rankin County, Mississippi, entered its Final Decree Of Divorce which decree in pertinent part provided:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Sharon J. Switzer and Danny Hall Switzer be, and they are hereby, ordered and directed to perform all terms and conditions contained in the Agreement entered into by and between them and attached hereto as Exhibit "A" and fully incorporated into this decree in words and figures.
The agreement attached to the decree as Exhibit "A" is that from which we have quoted above.
As fate would have it, Danny failed to make any payments on the house, which were in the amount of $488.97 per month. Notwithstanding, he continued to reside there.
On May 27, 1983, Sharon commenced the instant proceedings in which she sought an adjudication that Danny was in contempt of court for his violation of the property settlement agreement incorporated as it was into the final decree of divorce. The matter came on for hearing on June 6, 1983, before the Honorable Billy G. Bridges, Chancellor, whereupon the parties stipulated that Danny had continued to reside in the house through the middle of May of 1983, that he had made none of the monthly note payments with respect to the indebtedness secured by the home since September 1, 1982, and that the arrearage as of May 31, 1983, including costs incident to a then pending foreclosure was $5,128.30. The Chancellor found that Sharon was responsible for the June 1, 1983, payment in the amount of $488.97.
In this state of the record, the Chancellor entered his decree adjudging Danny Hall Switzer to be in wilful and contumacious contempt of court
 for his being in arrears in the house payments and foreclosure charges in the sum of $5,128.30 on this date.
The Chancellor awarded Sharon attorneys fees in the amount of $350.00 plus court costs in the amount of $37.00 rendering a total sum due and owing from Danny in the amount of $5,515.30. The Chancellor thereupon ordered Danny Hall Switzer committed to the custody of the Sheriff of Rankin County, Mississippi, until such time as he should purge himself of his contempt by payment of the aforesaid sum of $5,515.30.
Danny has now perfected his appeal to this Court where the matter is ripe for review.
The first red herring we need lay to rest is that the property settlement agreement somehow remains only a contract and is not a part of the final decree of divorce subject to enforcement via contempt. That proposition is wrong as a matter of law and is certainly wrong when the particulars of this case are considered.
Our Irreconcilable Differences Divorce Act contemplates that the parties will negotiate a settlement of all matters, including a division of property and respective rights and responsibilities in relation thereto. Miss. Code Ann. § 93-5-2 (Supp. 1984). The statute further contemplates that this property settlement agreement will be filed with the court before a final decree may be entered.
When the statute has been complied with, the custody, support, alimony and property settlement agreement becomes a part of the final decree for all legal intents and purposes. This is so, whether the agreement is copied verbatim into the text of the decree, whether it is attached as an *Page 846 
exhibit and incorporated by reference, or whether it is simply on file with the clerk of the court. If the agreement is sufficient to comply with the statute, that is enough to render it a part of the final decree of divorce the same as if a decree including the same provisions as may be found in the property settlement agreement had been rendered by the Chancery Court following a contested divorce proceeding.
We have heretofore held that, for purposes of subsequent modification proceedings, alimony and child support provisions found in an agreement made incident to an irreconcilable differences divorce are treated the same as though the chancellor had made the award after a contested divorce trial. Marascalcov. Marascalco, 445 So.2d 1380, 1381-1382 (Miss. 1984); Tedfordv. Dempsey, 437 So.2d 410, 417 (Miss. 1983); Taylor v. Taylor,392 So.2d 1145, 1147-1149 (Miss. 1981). There is no reason on principle why a property settlement provision such as that in controversy here should not be similarly treated as though it were a part of the divorce decree. See Rhodes v. Rhodes,420 So.2d 759, 760 (Miss. 1982).
As a matter of law, a property settlement prepared and filed in compliance with the statute can never be a document extraneous to the final decree. Compare Morgan v. United States Fidelity andGuaranty Co., 191 So.2d 851, 853-854 (Miss. 1966). This rule is compelled by the logic implicit in Section 93-5-2. Any other rule would exalt form over substance and inevitably produce arbitrary and inequitable results.
This is not to say that, in addition to its taking on all of the attributes of a final decree of the Chancery Court, the property settlement agreement may not also provide for contract remedies. Furthermore, wholly consistent with what we say here is that, where ambiguities may be found, the agreement should be construed much as is done in the case of a contract, with the court seeking to gather the intent of the parties and render its clauses harmonious in the light of that intent. See Owen v.Gerity, 422 So.2d 284, 288 (Miss. 1982); Hoar v. Hoar,404 So.2d 1032, 1035 (Miss. 1981); Roberts v. Roberts,381 So.2d 1333, 1335 (Miss. 1980).
Danny Hall Switzer argues at length that the sort of property settlement provisions with which we are here concerned are different from provisions for alimony or child support in that the latter are subject to modification while the former are not. Our attention is called to Logue v. Logue, 234 Miss. 394,106 So.2d 498 (1958); Stone v. Stone, 385 So.2d 610 (Miss. 1980);Taylor v. Taylor, 392 So.2d 1145 (Miss. 1981) to the effect that the part of the separation agreement which deals with a property settlement where supported by valid considerations may not be modified. The point escapes us. That such a provision may not be modified in no way negates the power of the court to enforce it via contempt or any other remedy otherwise available in aid of the enforcement of judgments and decrees.
Finally, we have considered carefully Danny's argument that the decree is sufficiently vague that it is not enforceable via contempt proceedings. To be sure, we recognize that no charge of contempt will be sustained where the final decree is insufficient to advise the party affected in clear and unequivocal language of that which he has been ordered to do. Owen v. Gerity,422 So.2d 284, 288 (Miss. 1982); Hoar v. Hoar, 404 So.2d 1032, 1035 (Miss. 1981). We recognize that with respect to certain aspects of the treatment of the residence in question, the agreement may have been more artfully drawn. In our view, however, there is only one way to read the sentence
 HUSBAND shall have the responsibility and obligation to pay the indebtedness on the property inclusive of principal, interest, taxes and insurance.
There is nothing in the agreement that could be construed to relieve the husband of this obligation so long as he resides on the premises. This is the way the Chancellor *Page 847 
read the agreement and, we are satisfied, this is the only sensible way to read it.
In the above context, we note that the record reflects that Danny Hall Switzer has, since the final decree of divorce was entered August 26, 1982, paid not one penny toward the indebtedness secured by the home, although he has continued to live there through the middle of May of 1983. Switzer offered nothing to show an inability to pay or to establish a reasonable excuse for his non-performance. He has been correctly adjudged in contempt of court. Rhodes v. Rhodes, 420 So.2d 759, 760 (Miss. 1982).
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.