LEE, J.,
for the Court:
¶ 1. We affirm the chancellor’s judgment finding the respondent, Robin Humphrey Martin Grant, to be in willful civil contempt of the order of the Hinds County Chancery Court regarding the visitation rights of her children’s custodians and grandparents, Larry and Peggy Martin, ordering her to pay their attorney’s fees in the amount of $400 plus all costs of the court. We also conclude that the chancellor conducted herself within the scope of her authority during the proceedings for contempt. In addition, Grant is assessed statutory damages of fifteen per cent plus interest pursuant to Miss.Code Ann. § 11-3-23.
FACTS
¶ 2. Scott Allen Martin and Robin Humphrey Martin Grant were divorced on March 27, 1995. Custody of the three children of the marriage was granted to the paternal grandparents, Larry and Peggy Martin. They entered into a child custody, child support and property settlement agreement which was incorporated into the final judgment of divorce. The agreement awarded no specific visitation rights to either parent but simply stated: ‘Wife and husband shall each have reasonable periods of visitation with the children and the parties will reasonably and in good faith cooperate with each other and with Larry and Peggy Martin to assure their opportunity to visit with the children.”
¶ 3. On January 13, 1998, the court entered an order which specified Grant’s visitation rights but denied her motion to dissolve custody of her three children to the Martins. As a result, Grant was awarded regular weekend visitation on the first, second and fourth weekends of each month as well as specific visitation for certain holidays including the Fourth of July holiday during odd numbered years. The order also specified the holidays for which Grant would have visitation during even numbered years and further provided that:
4. (e) A Holiday that falls on a weekend should be spent with the person who is supposed to have the children for that holiday. The rest of the weekend is to be spent with the person who would normally have that weekend. Portions of weekends missed as a result of this do not have to be made up.
¶ 4. The difficulties giving rise to this appeal occurred during the Fourth of July holiday of 1998. The Martins filed their motion for contempt based on Grant’s failure to return the children to them on that date. In 1998, the Fourth of July fell on the first Saturday of the month. According to the order, the children were to have visitation with Grant the first weekend of every month. The order also provided that the children were to spend the Fourth of July holiday during odd numbered years with Grant, inferring that on even,numbered years that Grant would not have the children for visitation and that the children would remain during those holidays with the Martins, who had actual custody. It is the necessity for this inference which Grant claims makes the order vague.
¶ 5. In anticipation of the Fourth of July holiday, Peggy Martin had several telephone conversations with .Grant regarding the arrangements for the visitation that would occur during that weekend. Grant acknowledged that Peggy discussed with her that the children were to be with Larry and Peggy on the Fourth of July. In an attempt to give Grant additional time with her children, Peggy suggested that Grant pick up the children one day earlier than the order specified, that is on Thursday rather than on Friday, since the order did not give Grant visitation for that Saturday, the Fourth of July for 1998, an even *554 numbered year. When Grant picked up the children on Thursday, Peggy said, “I’ll see you guys Saturday morning.” Grant testified that she did not respond but merely got into her car and drove away. Upon being questioned regarding her intent on Thursday evening, when she picked up the children, to return the children on Saturday morning, Grant answered that she did not intend at that time to return the children on Saturday. She further testified that she did not tell Peggy at the time that she picked the children up that she did not intend to return them on Saturday because she did not want a confrontation in the presence of the children. Grant also testified that she spoke with her attorney on Friday and that her actions were in compliance with his advice.
¶ 6. Counsel for Peggy questioned Grant before the court regarding the provisions of the visitation order, and Grant acknowledged that she understood that the weekend in question was a weekend that she would normally have the children and that the Fourth of July of 1998 was a holiday that she would not have the children. She also acknowledged that she agreed that the order provided that a holiday that falls on a weekend should be spent with the person who is supposed to have the children that holiday and that the rest of the weekend is to be spent with the person who would normally have that weekend.
¶ 7. The court, basing its opinion on its specific finding of Grant’s lack of credibility, found that Grant was in willful contempt of the order regarding visitation and ordered her to pay the Martins’s attorney’s fees in the amount of $400 and all costs associated with bringing the action for contempt.
STANDARD OF REVIEW
¶ 8. A citation for contempt is determined upon the facts of each case and is a matter for the trier of fact. Milam v. Milam, 509 So.2d 864, 866 (Miss.1987). A citation is proper when “the contemner has willfully and deliberately ignored the order or the court.” Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss.1997). The factual findings of the chancellor in civil contempt cases are affirmed unless manifest error is present. Purvis v. Purvis, 657 So.2d 794, 797 (Miss.1994) (citing Caldwell v. Caldwell, 579 So.2d 543, 545 (Miss.1991)). Contempt matters are committed to the substantial discretion of the trial court, 'and we will not reverse where the chancellor’s findings are supported by substantial credible evidence. Id.
¶ 9. Our standard of review established, we now turn to the merits of the appellant’s claim.
ISSUES AND DISCUSSION
I. WAS THE COURT’S ORDER CLEAR AND SPECIFIC AS TO WHETHER THE APPELLANT HAD VISITATION WITH HER CHILDREN DURING THE FOURTH OF JULY IN 1998?
II. WAS THE APPELLANT IN WILLFUL CONTEMPT OF THE COURT’S ORDER FOR VISITATION?
¶ 10. There are several available defenses to a civil contempt charge. One is that the violation was not willful or deliberate such that the behavior in question may not be labeled as contumacious. Dunaway v. Busbin, 498 So.2d 1218, 1222 (Miss.1986). Included in this defense may be an honest inability to perform according to the dictates of the order or decree. Prestwood v. Hambrick, 308 So.2d 82, 85 (Miss.1975). Another available defense is an inability to obey an order which is vague or not sufficiently specific. Dunaway, 498 So.2d at 1222.
¶ 11. Grant attempts to justify her breach of the court’s order by claiming that it was in some way vague since it did not specify that the children would be with the Martins for the Fourth of July during even numbered years, even though she acknowledges that they had custody of the children. It is the necessity for the inference that the Martins would have the chil *555 dren for the Fourth of July during even numbered years that Grant claims makes the order vague. In support of this argument she cites Switzer v. Switzer, 460 So.2d 843 (Miss.1984), for the general proposition that vagueness can be a defense to an allegation of contempt. She argues that the lower court, in finding her in contempt, is in direct conflict with the court’s ruling in Switzer, which states that a charge of contempt will not be sustained “where the final decree is insufficient to advise the party affected in clear and unequivocal language of that which he has been ordered to do.” Id. at 846. It is difficult to reconcile Sioitzer and Grant’s claim that her decision to breach the court’s order should be excused because the order is vague with the fact that she conceded to the clarity of the order in her testimony at trial and admitted that it specifically covered the factual situation which was presented on the Fourth of July weekend in 1998.
¶ 12. We must first determine whether the chancellor was correct in her finding that the order was clear and specific by its terms as to whether Grant had visitation with the children on the Fourth of July in 1998. At the trial, Grant relied solely on her own testimony, which substantiates that the terms of the order were clear to her. Counsel for the Martins questioned Grant regarding the provisions of the visitation order. In response, Grant gave the following testimony:
Q. A holiday that falls on the weekend should be spent with the person who is supposed to have the children that holiday. Do you agree with me that you were not to have the children on the 4th of July during even-numbered years?
A. Yes, sir, I agree with you.
Q. The rest of the weekend is to be spent with the person who would normally have that weekend. Are you the person who would normally have that weekend?
A. Yes, sir.
Q. Okay. Portions of the weekend missed as a result of this do not have to be made up, correct?
A. Yes, sir.
Q. What portion of what we read is different from the exact factual situation that presented itself on the July 4th weekend of 1998?
A. That covers it.
Q. That covers it—
A. Yes, sir—
Q. —and that’s in the Order.
A. Um-hum, that’s in the Order, yes.
¶ 13. This testimony renders it unequivocal that the terms of the order regarding this particular visitation were clear to Grant. Her attempt to argue that she did not return the children to the Martins because the court’s order did not specify that the Martins had the children for the Fourth of July in even numbered years and, therefore, required her to “read the judge’s mind” to determine whether to return them to the Martins or the natural father is without merit. Since the order grants the natural father no alternating holiday visitation and, other than his right to visitation on Father’s Day, he is granted only general, non-specific rights of visitation, it is not difficult to understand why this argument has no credibility. We find that the order is sufficiently specific, Dunaway v. Busbin, 498 So.2d at 1222, and cannot reverse where the chancellor’s findings are based on substantial credible evidence. Mizell v. Mizell, 708 So.2d 55, 61 (Miss.1998).
¶ 14. To ascertain whether Grant’s failure to abide by the terms of the court’s order was willful, we will turn to her testimony upon which she relies solely as evidence. She testified that when she picked up the children on Thursday that she did not tell Mrs. Martin that she had no intention of returning the children to her on Saturday morning for the Fourth of July holiday because she knew Mrs. Martin would be mad and she wanted no confron *556 tation in the children’s presence. This testimony goes directly to the willful nature of Grant’s intent and substantiates it. We,therefore, find that the chancellor’s finding that Grant’s failure to abide by the court’s order was willful is supported by the evidence and will not reverse. Mizell, 708 So.2d at 61.
III. DID THE CHANCELLOR, BY QUESTIONING THE WITNESS AND WITNESS’S COUNSEL, BECOME AN ADVOCATE AND COMMIT REVERSIBLE ERROR?
¶ 15. The record shows that during the trial that the chancellor questioned Grant and Grant’s counsel with respect to the position that Grant had taken at the trial in regard to the Fourth of July visitation. Grant claims that in so doing that the chancellor thereby “removed herself as trier of the case and positioned herself as advocate [for the Martins]” and cites West v. State, 519 So.2d 418, 423 (Miss.1988), in support.
¶ 16. Mississippi Rules of Evidence 614(b) specifically provides that the “court may interrogate witnesses, whether called by itself or by a party.” However, it is grounds for reversal if the trial judge abuses the authority to call or question a witness by abandoning his impartial position as a judge and assuming an adversarial role. West v. State, 519 So.2d 418, 422-24 (Miss.1988). The appellant relies on West to bolster her contention that reversal is justified because the chancellor, in her questioning of Grant as a witness, abandoned her impartiality and assumed an adversarial role. The present case is inherently and totally distinguishable from West in that West involved a trial before a jury. The main concern in such cases addressing this issue is the possible influence of a jury'by the questions and comments of the judge. “We have made clear that we will not hesitate to reverse where the trial judge displays partiality, becomes an advocate, or, in any significant way, conveys to the jury the impression that he has sided with the prosecution.” Layne v. State, 542 So.2d 237, 242 (Miss.1989). Since this case involved a bench trial, the concern regarding possible influence of a jury does not arise. The court, in an effort to expedite the trial, interrogated the witness and her counsel to ascertain them somewhat incredible position regarding their understanding of the order granting visitation. Consequently, the trial judge did no more than exercise the authority granted under Rule 614 and did not abuse her discretion. We find this assignment of error to be without merit.
CONCLUSION
¶ 17. We have determined that the chancellor conducted herself within the scope of authority conferred by M.R.E. 614(b) in questioning Grant and her counsel as witnesses during the trial and did not abandon her impartiality and assume an adversarial role as a result. We also conclude that the relevant order regarding visitation of Grant’s children was clear and specific by its terms and affirm the judgment of the Hinds County Chancery Court finding Robin Humphrey Martin Grant to be in willful civil contempt of that order.
¶ 18. In addition, Grant is assessed statutory damages of fifteen per cent pursuant to Miss.Code Ann. § 11-3-23 (Rev.1991).
¶ 19. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. STATUTORY DAMAGES AWARDED TO THE APPEL-LEES. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ„ DIAZ, IRVING, AND MOORE, JJ., CONCUR.
BRIDGES, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY MOORE AND THOMAS, JJ. PAYNE, J., NOT PARTICIPATING.