STEVENSON, J.
In this consolidated appeal, former husband, Robert Rogoff, appeals an order finding him in contempt of court and ordering him to pay a purge amount of $38,-575 after he unilaterally made set-offs against the money he was to transfer to the former wife pursuant to their marital property settlement agreement. We reverse the contempt order because the property settlement agreement, which was incorporated into the final judgment of dissolution of marriage, is not so clear and precise as to support a finding that former husband’s actions in making the set-offs constituted a willful and wanton violation of an express term of the agreement. See Keitel v. Keitel, 716 So.2d 842, 844 (Fla. 4th DCA 1998). Implicit in the trial court’s order, however, is the finding that the husband has failed to fully comply with the settlement agreement and that some amount is still owed to the wife. Therefore, we remand for the trial court to enter a judgment, or other order, in whatever amount the trial court determines to be due, enforcing the property settlement agreement. The trial court, in its discretion, may take additional evidence or enter the judgment on the basis of the present record.
Former wife, Charlene Rogoff, appeals the order denying her motion for attorney’s fees. We affirm because former wife did not meet her burden to prove the reasonableness of the time expended on the case and the reasonable market rate for lawyers of comparable skill, experience, and reputation in the community for eases of this nature. See Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985).
REVERSED in part; AFFIRMED in part; and REMANDED.
FARMER and KLEIN, JJ., concur.