## Alan STALB v. Aglaia STALB

[768 A.2d 1269]

No. 00-042

December 21, 2000. Defendant appeals from a family court order finding defendant in contempt for conduct committed in the course of a master's hearing to deliver and/or determine the value of certain property awarded to plaintiff by paragraph two of the amended final divorce order. Plaintiff cross-appeals from the court's approval of the value set by the master for the missing property. We affirm the master's valuation, but reverse the family court's finding of contempt.

In this extremely contentious divorce, plaintiff was awarded certain property in the possession of defendant, which was itemized on defendant's trial exhibit V. Paragraph two of the amended final divorce order required the parties to arrange for the delivery of these items, and for defendant to pay plaintiff the reasonable value of items that could not be delivered. Any dispute regarding the value of items not delivered was to be determined by a master appointed by the court. The order of reference for the master stated:

> Matter referred to Property Master pursuant to paragraph #2 of Amended Final Order filed 8/26/97. Each party shall have 1 hr to present evidence and the Master shall be paid for 2 additional hours to prepare report. Plaintiff shall pay 20% of the cost and defendant shall pay 80%.

Needless to say, the implementation of paragraph two did not go smoothly. Prior to the hearing of the master, there was general confusion between the parties about delivery of the subject property, and most of the attempts to deliver appear to have been unsuccessful because of a lack of communication. Thus, when the master scheduled a hearing, it was unclear whether most of the items were still in defendant's possession at the marital residence, the Northfield Inn, had been delivered to plaintiff via depositing them in the inn garage, or had vanished. Upon this uncertain territory, the master attempted to implement paragraph 2.

Plaintiff's counsel requested that the hearing be held at the Northfield Inn to allow identification of property at the inn that defendant had not delivered to him. Defendant objected on the grounds that the amended final order, paragraph 10, prohibited either party from going to the other's place of business or residence. The master inquired of the court whether he should refer the matter to the court or decide the issue on his own. The court told the master, through the court clerk, that it was within the master's authority to set the time and place of the hearing, and the master decided to hold the hearing at the inn. When the parties arrived, defendant and her counsel refused access to the inn to plaintiff, except to use the bathroom. Access was permitted to plaintiff's counsel and the master. The hearing proceeded outside, and the master set a value of $3,000 on the undelivered personal property.

Plaintiff then filed an objection to the value set by the master as well as a motion for sanctions and contempt. The court upheld the master's valuation and held defendant in contempt for refusing plaintiff access to the inn to identify his personal property. In light of the hostile relationship between the parties, the court reasoned that the master had implicit authority through the order of reference to hold the hearing at the inn and to permit plaintiff to enter defendant's residence, because he could not rely on the representations of defendant about whether or not property had been turned over. Notwithstanding paragraph 10 of the amended final divorce order, the court found that it was unreasonable to refuse access to plaintiff to allow him to identify items that were listed on exhibit V and awarded to him, and that access to the inn by plaintiff's counsel was insufficient to allow plaintiff to identify his property.

On appeal, defendant presents several reasons for her contention that the court erred by holding her in contempt for refusing to allow plaintiff into the inn. We reach only one of her claims because we find it dispositive. Defendant contends that she was never served with any written order requiring her to allow plaintiff into the inn, and that the only written order on the subject prohibits plaintiff from entering her premises without her written consent. The general rule is that "before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties imposed upon him." *State v. Pownal Tanning Co.*, 142 Vt. 601, 605, 459 A.2d 989, 991 (1983). "The order must be specific and definite so that it leaves no reasonable basis for doubt as to its meaning." *Id.*; see also *Keitel v. Keitel*, 716 So. 2d 842, 844 (Fla. Dist. Ct. App. 1998) (order of contempt cannot be based on violation of implicit provision of order; order must be clear and definite); *Humphrey v. Martin*, 755 So. 2d 551, 554 (Miss. Ct. App. 2000) (defense to contempt is an inability to obey order because it is vague or not sufficiently specific); *In re Borkert*, No. 04-00-00535-CV, 2000 WL 1727085, at *2 (Tex. Ct. App. Nov. 22, 2000) (contemptuous acts must be directly contrary to express terms of court order; contempt cannot rest upon implication or conjecture of provisions of court order).

Here, the family court based its finding of contempt on its conclusion that defendant violated an order of the master, for which we have no record, which was implicitly authorized by the order of reference. The court found:

> [I]t was reasonable for the Master to require Defendant to permit Plaintiff to enter the Inn for the purpose of identification of the personal property at issue. Such authority was implicit in the Order of Reference, if not spelled out literally.

The issue, however, is whether there is "specific and definite" language in any

order imposing on defendant the obligation to allow plaintiff into the inn, such that defendant would know that she was violating the order if she refused to do so.

There is no such language in the order of reference, and there is no record of the master's proceeding. We cannot uphold a finding of contempt based upon language implicit in a written order authorizing an oral order for which we have no record, particularly when the oral order contradicts the specific and definite language of paragraph 10 of the amended final divorce order, prohibiting plaintiff from going to the inn. At minimum, there is reasonable doubt as to whether defendant had an obligation to allow plaintiff in the inn. See *Rogoff v. Rogoff*, 758 So. 2d 712, 712 (Fla. Dist. Ct. App. 2000) (reversing contempt order because property settlement incorporated into final divorce order was not so clear and precise to support finding that plaintiff's actions were willful and wanton violation of express terms). Accordingly, the court erred in finding defendant in contempt, and we, therefore, vacate the finding of contempt and the sanctions imposed for the contempt.

Plaintiff cross-appeals, arguing that the value of the property awarded was too low and the award should have been in accordance with the evidence he submitted at the master's hearing, which showed a value of $8,343. The master rejected plaintiff's evidence, however, and found that plaintiff's values were too high. The total value of personal property awarded to plaintiff by the amended final order was $13,000. After finding that approximately 27% of the property awarded to plaintiff was not delivered to him, and considering the nature of the items, the master concluded that the total value of the property was $3,000. This figure included the value of those items that could have been identified and turned over to plaintiff, but were not because of defendant's refusal to cooperate. The court upheld the master's decision on the ground that the aggregate value of all personal property was $13,000 and that the master's job was to assign values to that portion of the property not delivered to plaintiff, not to relitigate the value of personal property.

On appeal, plaintiff contends that the $13,000 figure in the final divorce order was the value of his antiques, which were not involved in the master's hearing, not the value of the personal property listed on exhibit V. Paragraph 36 of the final divorce order issued June 23, 1997 states in part:

> Alan submitted to Aglaia a list of personal property items he wishes to have returned from the Northfield Inn. The total value of these items is $13,000. The items are listed and described with specificity on Defendant's Exhibit V.

Thus, we reject plaintiff's claim. We agree with the court below that this issue was closed by the final order, paragraph 36 and the amended final order, paragraph 2, which awarded plaintiff his separate personal property in the value of $13,000.

*The $3,000 valuation of personal property is affirmed. The finding of contempt and the sanctions — $700 in attorney's fees and $441 in master's fees — are vacated. Defendant shall pay $352.80 of the cost of the master.*