853 So.2d 826 (2003)
Ottie WESTERBURG, Appellant,
v.
John Dalton WESTERBURG, Appellee.
No. 2002-CA-00815-COA.
Court of Appeals of Mississippi.
June 24, 2003.
Rehearing Denied September 2, 2003.
*827 John R. Reeves, attorney for appellant.
R. Conner McAllister, attorney for appellee.
Before KING, P.J., MYERS and GRIFFIS, JJ.
GRIFFIS, J., for the court.
¶ 1. On April 3, 1998, the Chancery Court of Hinds County entered a final judgment of divorce dissolving the marriage of Ottie Omega Westerburg and Dalton Westerburg. The parties agreed to an irreconcilable differences divorce and submitted the distribution of marital property to the chancellor. The chancellor's final distribution of property was contained in the final judgment. This appeal results from a disagreement about exactly what property the husband was to receive.
¶ 2. One month following the entry of the final judgment, on May 7, 1998, Mr. Westerburg filed a motion for contempt alleging that Mrs. Westerburg had not provided him access to his personal property and that she would not cooperate in helping him locate the items awarded to him by the chancellor. The chancellor held a hearing, on July 1, 1998, and found Mrs. Westerburg in willful contempt for not returning certain items of personal property awarded to Mr. Westerburg in the final judgment. The chancellor directed Mrs. Westerburg to furnish keys to her home and two sheds located on her property so that Mr. Westerburg and his attorney could search for the disputed items. The chancellor also awarded Mr. Westerburg $650 in attorney's fees plus the $150 costs of court. The chancellor authorized him to withhold the amount awarded from the next alimony payments due. The chancellor indicated that if any of the items were not found then the court would consider the matter further to establish a method for Mrs. Westerburg to purge herself of contempt.
¶ 3. After the hearing, Mr. Westerburg's attorney drafted an order and, as required by the Uniform Chancery Court Rules, submitted it to Mrs. Westerburg's attorney counsel for approval. The order was neither approved by counsel nor entered by the chancellor.
¶ 4. The matter languished until Mrs. Westerburg obtained a new attorney, who set the contempt motion for hearing again on April 11, 2002. At this hearing, the chancellor heard additional evidence. Mr. Westerburg testified that had retrieved or no longer claimed certain items but he did claim and had not received the following items: used miter saw, used tools, tackle box, lures, ice chest (60 quart), fishing rods (Shimano and Diawa), and fish stringers. According to Mr. Westerburg, the value of these items was $2,410. Mrs. Westerburg argued that her obligation was unenforceable because the contested items were not *828 specifically described in the final judgment "to meet the standards of specific performance." Unpersuaded, the chancellor held:
[w]hile a cursory examination of the list of personal property involved might lead one to the conclusion that the items were not sufficiently described, the Court believes now as it has throughout these proceedings that the entire record of this matter shows persuasively that Ottie knew very well the identity of the items she was made responsible for returning to Dalton. These parties lived together for over thirty years, and for most of that time worked side by side running a successful business and living adjacent thereto. The Court also found highly credible Dalton's assertion that Ottie's adult children by another marriage pilfered their marital estate and personal belongings throughout the marriage, with Ottie's knowledge and consent, and that some if not all the items now in question were taken by them. Ottie's "second bite at the apple" as the saying goes, has benefitted her in no way and the Court finds that she continues to be in contempt of this Court.
¶ 5. The chancellor accepted Mr. Westerburg's unrebutted testimony as to the value of the missing items, $2,410, and authorized him to deduct this amount from the balance of alimony owed. In addition, the chancellor awarded Mr. Westerburg an attorney's fee of $1,200 for the second day of trial of this matter, together with costs of the court, and authorized him to withhold alimony payments to Ottie until the fees and expenses are recouped.

LEGAL ANALYSIS
I. Whether the chancellor abused his discretion in holding Mrs. Westerburg in contempt.
¶ 6. A citation for contempt is determined upon the facts of each case and is a matter for the trier of fact. Milam v. Milam, 509 So.2d 864, 866 (Miss.1987). A citation of contempt is proper when "the contemner has willfully and deliberately ignored the order or the court." Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss. 1997). The factual findings of the chancellor in civil contempt cases are affirmed unless manifest error is present. Purvis v. Purvis, 657 So.2d 794, 797 (Miss.1994) (citing Caldwell v. Caldwell, 579 So.2d 543, 545 (Miss.1991)). Contempt matters are committed to the substantial discretion of the trial court, and we will not reverse where the chancellor's findings are supported by substantial credible evidence. Id.
¶ 7. Mrs. Westerburg claims that the description of the items in the final judgment was too vague and should have been more specific to be enforced. This Court's inquiry is limited to whether the chancellor's final judgment was violated and this necessarily includes questions of whether it was possible to carry out the judgment.
¶ 8. Before a party may be held in contempt for failure to comply with a judgment, "the judgment must be complete within itself ... leaving open no matter or description or designation out of which contention may arise as to meaning." Davis v. Davis, 829 So.2d 712, 714(¶ 9) (Miss.Ct.App.2002) (quoting Wing v. Wing, 549 So.2d 944, 947 (Miss.1989)). A person is entitled to be informed with a high degree of clarity as to exactly what her obligations are under a court order before she can be found in contempt for willfully disobeying that order. Switzer v. Switzer, 460 So.2d 843, 846 (Miss.1984).
¶ 9. Mrs. Westerburg and her former attorney testified that a miter saw was returned to Mr. Westerburg, as well as other tools and fishing equipment. However, Mr. Westerburg rejected the items *829 presented as not being the items awarded by the chancellor. In particular, Mr. Westerburg claimed that he was entitled to an electric Craftsman miter saw, but he was presented with a different used manual saw. As to the fishing equipment, Mrs. Westerburg's attorney brought Mr. Westerburg some rods and tackle, but Mr. Westerburg contends that the equipment delivered were not the "Shimano or Diawa" rods or the tackle and lures he was entitled to under the final judgment.
¶ 10. As to the "used tools" awarded in the final judgement, Mr. Westerburg claimed that the term was understood to describe several tools that were not delivered, specifically an open-end wrench set and certain tools that belonged to his father.
¶ 11. We recognize that with respect to certain items in question, the final judgment may have been more artfully drawn. However, we find that the divorce judgment was sufficiently specific and reasonably clear as to the items belonging to Mr. Westerburg. There is nothing in the judgment that could be construed to relieve Mrs. Westerburg of her obligation so long as she continued to possess the items awarded to her former husband. Indeed, the parties were back in court approximately one month after the final judgment was entered disputing the proper division of personal property. We do not find manifest error in this case. Accordingly, we affirm the chancellor.
II. Whether the chancellor abused his discretion in awarding attorney's fees.
¶ 12. The award of attorney's fees, in domestic matters, is entrusted to the sound discretion of the trial court. Mizell v. Mizell, 708 So.2d 55, 65(¶ 56) (Miss.1998). "We are reluctant to disturb a chancellor's discretionary determination whether or not to award attorney fees and the amount of award." Smith v. Smith, 614 So.2d 394, 398 (Miss.1993). However, the chancellor is not without limitation in such award. In McKee v. McKee, 418 So.2d 764, 767 (Miss.1982), the supreme court established certain factors to be considered in making an award of attorney's fees:
In determining an appropriate amount of attorneys fees, a sum sufficient to secure one competent attorney is the criterion by which we are directed. The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
¶ 13. While Mr. Westerburg may be entitled to an award of attorney's fees, there was no evidence before the chancellor as to the amount of attorney's fees charged, incurred or due for the first and second days of trial as awarded by the chancellor. Nor was there any evidence as to the McKee factors. Accordingly, we must reverse and render where there is no evidence presented in support of such award. See Carpenter v. Carpenter, 519 So.2d 891 (Miss.1988) ($2800 award reversed and rendered where not justified by the evidence); Bumgarner v. Bumgarner, 475 So.2d 455 (Miss.1985) ($2000 award reversed and remanded because there was practically no evidence presented as to the McKee factors).
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED IN PART *830 AND REVERSED AND RENDERED IN PART. COSTS OF THIS APPEAL ARE ASSESSED HALF TO THE APPELLANT AND HALF TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.