*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-199

NOVEMBER TERM, 2013

| | | |
|---|---|---|
| Michael Vereline | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Caledonia Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Marybeth Vereline | } | DOCKET NO. 253-10-10 Cadm |

Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Husband appeals a decision of the superior court, family division, denying his motion for contempt with respect to his claim that wife violated the final divorce order by misappropriating business income during the interim period before the business was transferred from wife to husband pursuant to that order. We reverse and remand the matter for the superior court to hold a hearing and take evidence on this issue.

The relevant provision of the August 9, 2011 final divorce gave wife sole possession and operation of the parties' campground business from the date of that order until October 17, 2011, when the camping season was to end, at which point the business would be turned over to husband, who was required to make his best effort to sell the business as quickly as possible. In relevant part, the provision stated as follows:

> During the period between this order and October 17, 2011, the defendant shall be responsible for paying all of the expenses of the Campground and the [marital] residence [at the campground] from the income of the Campground, including mortgage, taxes, insurance, utilities, fuel, and outside services. She may also pay, from this income, her own personal expenses, including food, gasoline, auto insurance, and incidentals, of no more than $1,400 per month, or $323/wk.

In March 2012, husband filed a motion to enforce the final order and hold wife in contempt for failing to abide by that order in several respects. With respect to the issue on appeal, husband claimed that during the ten-week interim period before he took over operation of the campground business, wife neglected business expenses and used campground income for personal expenses in an amount more than $9000 in excess of the amount allowed under the provision quoted above. Wife responded by asking for an evidentiary hearing on the motion.

On July 17, 2012, the court held a hearing but apparently did not have time to address all of husband's claims, including that wife misappropriated campground funds. On December 27,

2012, the court granted husband's motion for contempt with respect to a business website issue, requiring wife to pay husband $1200, but concluded that in all other respects the provisions of the final divorce order were not sufficiently clear to justify granting husband's motion on any other basis. In support of its decision, the court noted that because the parties co-mingled business and personal assets, and there was no provision in the final divorce order identifying the specific assets of the business, it would be difficult, if not impossible, to determine ownership of the disputed assets with any degree of certainty. Husband filed a motion to clarify and reconsider, asking the court to confirm that the issue of whether wife had misappropriated campground funds in violation of the final divorce order remained pending.

On April 17, 2013, the superior court issued an order reiterating that, except for the website issue, it was denying husband's motion for contempt in all respects. As explained by the court, husband was claiming that wife had converted funds from a particular account holding campground income, but the final divorce order was not clear and definite enough to support an order of contempt on this point because the order made no "specific findings regarding what tangible and intangible personal property was awarded to [husband] as a part of the business" due to the parties commingling "business assets or personal property to be divided during the final divorce hearing." The court added that no evidence was "necessary to adjudicate the motions for contempt on this topic because the decision is based on the language of the final divorce order."

On appeal, husband argues that the court erred by concluding that the above-quoted provision of the final divorce order was too vague, given the parties' circumstances, to be the basis for a finding of contempt against wife. Wife responds that the court acted within its discretion in denying the motion for contempt. We conclude that the matter must be remanded for the parties to have an opportunity to submit evidence on, and for the court to determine, whether wife violated the subject provision.

We acknowledge that the trial court has discretion whether to grant a motion for contempt, see Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 146-47 (1992) (stating that moving party has burden to prove elements of civil contempt by clear and convincing evidence and that trial court's judgment will not be disturbed absent abuse of discretion), and that a party may not be found in contempt for violating an order unless the order is specific and definite enough to leave no reasonable doubt as to its meaning, see Stalb v. Stalb, 171 Vt. 630, 632 (2000) (mem.). But, in this case, the superior court based its refusal to find wife in contempt on the vagueness of a provision that was specific and definite on its face. The provision limited wife's use of campground income for personal expenses to $1400 per month. The court did not find that it was impossible to determine the amount of campground income or the amount of that income that wife used for personal expenses during the interim period, which is all that was required to determine whether wife violated the provision at issue. Nor did the court explain how the commingling of business and personal assets by the parties would make it impossible for wife to comply with a provision that required her to pay business expenses and no more than $1400 in personal expenses from campground income during the interim period.

The superior court appears to reason that because the final divorce order did not specifically identify assets awarded to husband as part of the business, and because husband was claiming that wife misappropriated funds from a specific bank account, husband would be unable to show that wife understood that her actions violated the provision at issue. But the provision did not limit wife's use of a particular account for personal expenses; rather, it limited her use of

2

campground income for personal expenses.  The fact that the parties commingled their business and personal assets and submitted little or no evidence at the divorce hearing regarding which assets were part of the business and which were personal does not demonstrate that husband would be unable to show that the wife violated the subject provision by using more campground income for personal expenses than allowed under the order.  In short, the superior court has the discretion to determine whether wife should be found in contempt under the circumstances, but we cannot agree that the subject provision is not specific and definite as to what was required of wife with regard to campground income during the interim period.

Reversed and remanded.


BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Geoffrey W. Crawford, Associate Justice