769 So.2d 242 (2000)
James A. SHEPHERD, Appellant,
v.
Ladeana SHEPHERD, Appellee.
No. 1998-CA-01631-COA.
Court of Appeals of Mississippi.
October 10, 2000.
*243 Calvin D. Taylor, Pascagoula, Attorney for Appellant.
Suzanne Baker Steele, Biloxi, Wes Teel, Gulfport, Attorneys for Appellee.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
KING, P.J., for the Court:
¶ 1. James Shepherd appeals a judgment by the Chancery Court of Jackson County, Mississippi denying him a modification of child custody arrangements. We find no error and affirm.

FACTS
¶ 2. James and LaDeana Shepherd were divorced in 1991 while they resided in Arkansas. Each party moved shortly thereafter, Mr. Shepherd moved to the Baton Rouge, Louisiana area and Mrs. Shepherd to Jackson County, Mississippi where her family resided.
¶ 3. Twice previously, in 1993 and 1994, Mr. Shepherd sought relief from the original child visitation arrangements. These actions were filed in Arkansas. The judgments from those actions were filed in the Jackson County Chancery Court to be given full faith and credit.
¶ 4. In January 1997, Mr. Shepherd again sought a modification of visitation and also the financial information required to be provide to Mrs. Shepherd. Mr. Shepherd requested a modification of the time and location to pick-up and drop-off the children for visitation, a change in the summer visitation schedule, additional visitation on school holidays, and a modification of the divorce decree regarding the requirement to produce tax returns. He asserted that in the absence of a waiver of confidentiality by his new wife regarding her income on their joint returns, that he should be allowed to produce only the information pertaining to his income. Mrs. Shepherd filed her answer and counterclaim and alleged that Mr. Shepherd was in contempt of court for failing to timely return the children after visitations as set by the court order, failing to provide the financial information mandated by the court, that a material change had occurred which entitled her to more child support and that she was entitled to attorney's fees.
¶ 5. Since the divorce, Mr. Shepherd has remarried and has two children by his second marriage, while Mrs. Shepherd has not remarried. After relocating, the parties live approximately three hours apart. The Arkansas court set Moss Point, Mississippi as the meeting place to exchange the children for Mr. Shepherd's weekend visitation. This location is a 1 ½ hour drive,[1] or 3 hour round trip, for each of the *244 Shepherds. Under the current arrangement, Mr. Shepherd picks up the children at 7:00 p.m. on Friday evening. Mr. Shepherd requested that the pick-up time be changed to 6:00 p.m. and requested the location be changed to 30 miles west of the current exchange point making his drive only an hour, while increasing Mrs. Shepherd's one way drive time to two hours. Mr. Shepherd also requested a later drop-off time on Sunday arguing that he needed more time with the children.
¶ 6. Mrs. Shepherd objected to the requested change in pickup time and location. The principal basis of her objection was job related. She is the manager of a family owned feed store which remains open until 5:00 p.m. Friday is one of the busiest days for this business, and requires her presence. As manager she is responsible for the daily financial receipts and securing the business premises. Mrs. Shepherd asserts that there is no one else available who could be entrusted with these functions.
¶ 7. Pursuant to the Arkansas court order, Mr. Shepherd was required to produce his tax returns and W-2's for Mrs. Shepherd on February 1, 1997 and every three years thereafter. Rather than provide the requested information, Mr. Shepherd, in January 1997, requested that the 1994 order be altered to not require income information on his new wife. Following a December 5, 1997 hearing, the chancellor ordered Mr. Shepherd to provide the tax returns redacting information regarding his new wife's income. Notwithstanding the allowed redactions, the testimony at trial showed that Mr. Shepherd and his wife had a joint gross income which exceeded $112,000 a year. The chancellor, noting Mr. Shepherd's increase in income and his new wife's substantial contribution to their joint income, raised the amount of child support for the children of the former marriage.
¶ 8. The chancellor declined to change the pick-up and drop-off location or time. The chancellor found Mr. Shepherd in contempt for failing to provide his income tax returns to Mrs. Shepherd as per the prior court order, and awarded Mrs. Shepherd attorney's fees and $1000.

ISSUES
¶ 9. The assignments of error raised by Mr. Shepherd, taken verbatim from his brief, are as follows:
I. THE CHANCELLOR ERRED IN HIS RULING ON THE MODIFICATION OF REGULAR VISITATION ISSUES, INCLUDING THE "LONG WEEKEND" ISSUES.
II. THE CHANCELLOR ERRED IN HIS INSISTENCE ON DISCLOSURE OF APPELLANT'S JOINT INCOME TAX RETURNS, IGNORING A PROPER ALTERNATE METHOD OF DISCLOSURE OF INCOME.
III. THE CHANCELLOR ERRED IN HIS RULING ON THE ISSUE OF SUMMER VISITATION.
IV. THE CHANCELLOR ERRED IN THE CALCULATION OF CHILD SUPPORT, IGNORING THE METHODS SET OUT IN SECTION 43-19-101, MISS. CODE OF 1972, ANN.
V. THE CHANCELLOR'S RULING DID NOT CONSIDER THE BEST INTERESTS OF THE CHILDREN.
VI. THE CHANCELLOR WAS MANIFESTLY IN ERROR IN FINDING CONTEMPT ON THE PART OF THE APPELLANT AND IN AWARDING ATTORNEY'S FEES TO APPELLEE FOR SAID CONTEMPT.
¶ 10. Because several of the issues assigned by Mr. Shepherd overlap, we have appropriately combined them for resolution.

DISCUSSION

I. Visitation and Children's Best Interest
*245 ¶ 11. In deciding matters of child custody and visitation, the primary determinant is the best interest of the child. Riley v. Doerner, 677 So.2d 740, 744 (Miss. 1996). The chancery court enjoys great discretion in making its determination of what is in the best interest of a child. Clark v. Myrick, 523 So.2d 79, 82 (Miss. 1988). Where a chancellor has made factual findings on the matter of visitation, this court will not disturb those findings unless (1) his findings are not supported by substantial credible evidence, (2) he has either committed manifest error, or (3) he applied an erroneous legal standard. Bredemeier v. Jackson, 689 So.2d 770, 775 (Miss.1997).
¶ 12. To modify a current visitation arrangement, the plaintiff must show that the prior decree providing for visitation "isn't working and that it is in the best interest of the children that the current decree be altered." Suess v. Suess, 718 So.2d 1126 (¶ 16)(Miss.Ct.App.1998). The record does not reflect that the present visitation schedule is not working, nor that it would be in the best interest of the children to alter this schedule. The evidence offered by Mr. Shepherd may be summed up by saying he felt his desire to have the children spend more time with himself and his new family was of greater weight than any burden placed upon Mrs. Shepherd by his desire. While the desire to spend more time with a child is commendable, it does not automatically establish that the present visitation is not working. The record does reflect that the parties, like most people today, have full schedules which require some cooperation. The chancellor noted that cooperation was in the best interest of the children and urged the parties to do so. The chancellor did not find that the evidence justified a change in visitation.
¶ 13. Finally, Mr. Shepherd makes a general argument that the chancellor, in arriving at this decision not to alter the visitation schedule of the children, failed to consider the best interests of the children. Mr. Shepherd does not point to any specific ruling of the chancellor, but merely asserts that the children's interests and his feelings for the children were not given due consideration by the chancellor. Accordingly, he argues this case should be remanded. We are not persuaded that the chancellor did not give due consideration to the interests of the children. The record reflects that the chancellor was quite attentive in the proceedings, asking questions himself when appropriate. There is substantial evidence in the record which supports the chancellor's decision, accordingly, this Court finds no merit in this issue.

II. Child Support
¶ 14. Mr. Shepherd argues that disclosure of his wife's income should not be required as her income may not be considered in determining the amount of child support payable to Mrs. Shepherd. He argues that Miss.Code Ann. § 43-19-101 (Rev.1993) regarding child support is a guideline and not an absolute. Mr. Shepherd is correct that the income of his present wife should not be used in the calculation of child support. Indeed § 43-19-101(3)(a) specifically excludes consideration of the new spouse's income in setting the applicable amount of child support. This Court's review of the record does not indicate that Dana Shepherd's income served as a basis for ordering an increase in child support.
¶ 15. In his decision the chancellor made findings as follows:
The prior orders require that the plaintiff, James A. Shepherd supply his federal and state tax returns to Ladeana Shepherd, and by stipulation of the parties, the parties shall continue to do so by April 15 of each year.
. . .
The proof shows that the Plaintiff has had an increase in income since the divorce of the parties. The Court also finds that Mr. Shepherd has remarried and has two additional children. According *246 to the testimony, the plaintiff's present wife works as a toxicologist and makes in excess of fifty thousand dollars in income per year.
. . .
The plaintiff has two other children by his current marriage and the income of his present wife, which is significant, contributes to the household income of the Plaintiff. Therefore, the Plaintiff's present total family income ... is in excess of one hundred thousand dollars per year, while Defendant's income is about $15,600.00 per year.
¶ 16. The record reflected that the cost of providing for the minor children has increased. Based upon this information the chancellor further determined that an increase in child support was appropriate and raised the child support from $585 to $831.10 per month. This sum was determined by taking Mr. Shepherd's gross income of $5,600 per month and subtracting federal and state withholding, social security and medicare tax, the chancellor then multiplied the resulting number by twenty percent[2] and arrived at the figure of $831.10 as amended child support.
¶ 17. A child support decree may not be modified unless there is a substantial and material change in the circumstances of one party arising subsequent to the entry of the decree sought to be modified. Cox, 490 So.2d at 869. "In child support modification proceedings the chancellor is accorded substantial discretion and is charged to consider all relevant facts and equities to the end that a decree serving the best interest of the child may be fashioned." Clark, 523 So.2d at 82.
¶ 18. In fashioning that modified decree, the chancellor had evidence of the increased needs of the children, as necessitated by their age, size, school attendance, participation in community activities and increased medical needs. Against this the chancellor had evidence of Mr. Shepherd's' increased income, remarriage, two additional children and a wife who contributed substantially to the family's income. We note that while the new wife's income was not a component of child support, it could be considered in determining what funds were available to support Mr. Shepherd's new family.[3] The chancellor did so, and this court does not find that an abuse of discretion.

III. Contempt and Award of Attorney's Fees
¶ 19. The objective of civil contempt is to compel obedience to the orders of the court. Jones v. Hargrove, 516 So.2d 1354, 1357 (Miss.1987). In matters involving issues of contempt, the chancellor has substantial discretion, as he, "by institutional circumstances and both temporal and visual proximity, is infinitely more competent to decide the matter." Cumberland v. Cumberland, 564 So.2d 839, 845 (Miss.1990). While the chancellor has substantial discretion in a civil contempt proceeding, "the alleged contemnor's willful disobedience must be proven by a preponderance of the evidence." Hollaway v. Hollaway, 631 So.2d 127, 132 (Miss.1993). That evidence must clearly show that the order allegedly disobeyed was clear in defining the action mandated, or the conduct prohibited. Switzer v. Switzer, 460 So.2d 843, 846 (Miss.1984)
¶ 20. On January 26, 1994, the Arkansas court mandated that Mr. Shepherd *247 provide certain income tax returns to Mrs. Shepherd. The order stated:
The plaintiff is further ordered to provide the defendant with wage information every three (3) years. In that regard, the plaintiff is ordered to provide the defendant with proof of net income from the previous year by February 1, 1997, and shall provide this information every three years thereafter. This information shall include copies of his state and federal income tax returns and all supporting documents.
¶ 21. This order is clear, and there is no meritorious suggestion that Mr. Shepherd either misunderstood, or was unable to abide by the order. Both parties acknowledged that Mr. Shepherd did not provide the tax returns as required by the court order. Mr. Shepherd chose not to provide these income tax returns and the chancellor found him in willful and contumacious contempt for failing to abide by the court order. In finding Mr. Shepherd in contempt, the chancellor awarded Mrs. Shepherd attorney's fees and damages of $1000. Mr. Shepherd submits both the contempt finding and the award of attorney's fees is error.
¶ 22. Mr. Shepherd now asks this court to find that his actions were not contemptuous as he did provide the information with his wife's income information redacted. However, the financial documents required by the Arkansas court order were due on February 1, 1997. The Arkansas court provided no exception for providing the information. Mr. Shepherd admitted awareness of the court's order but testified that he objected to supplying the information based on a violation of his wife's confidentiality privilege. The financial information was due in February 1997. It was only provided after the court, on December 8, 1997, granted Mrs. Shepherd's motion to compel. This was approximately ten months after it was due. Mr. Shepherd failed to offer proof of an acceptable reason for his failure to timely supply the required financial information.
¶ 23. Having examined the record, we find that there was substantial evidence on which the chancellor could conclude that Mr. Shepherd was in direct violation of the Arkansas court order. Thus, we likewise conclude that the chancellor did not abuse his discretion in finding Mr. Shepherd in contempt and awarding Mrs. Shepherd attorney's fees and damages of $1000.
¶ 24. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY, MISSISSIPPI IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT. STATUTORY INTEREST AND DAMAGES ARE AWARDED.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.
NOTES
[1] Mrs. Shepherd's place of employment is located in Alabama approximately a one hour drive from her home. From her home to the pick-up site is approximately ½ hour.
[2] Section 43-19-101 of the Mississippi Code as amended provides a guideline that the non-custodial spouse provide support in the amount of twenty percent of his adjusted gross income for the support of two children.
[3] Under the provisions of Miss.Code Section 43-19-101(3)(e) and Bailey v. Bailey, 724 So.2d 335 (¶ 11)(Miss.1998), the chancellor in his discretion may reduce gross income by an amount sufficient to provide for children living with the parent required to pay support. Where such a reduction is within the discretion of the chancellor, it would only appear logical to also allow him to consider other sources available for the support of those children.