811 So.2d 397 (2001)
Albert George McWHIRTER, Appellant,
v.
Tamme Leigh (Carter) Thaxton McWHIRTER, Appellee.
No. 1999-CA-01768-COA.
Court of Appeals of Mississippi.
February 20, 2001.
*398 H.R. Garner, Attorney for Appellant.
Nancy M. Maddox, Hernando, Attorney for Appellee.
Before McMILLIN, C.J., LEE, and PAYNE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. This case is an appeal from a child custody determination made by the chancellor in connection with a divorce proceeding in which the bonds of matrimony between Albert George McWhirter and Tamme Leigh McWhirter were dissolved. The chancellor, after entering into the record an analysis of the various pertinent issues mandated by the Mississippi Supreme Court concerning an award of child custody, ordered that primary care of the minor child of the parties be given to Mrs. McWhirter. Mr. McWhirter has appealed that determination, charging that the chancellor abused the discretion afforded him in such matters. Because we can discover no abuse of discretion in the chancellor's determination, we affirm.

I.

Facts
¶ 2. The parties were married in 1996 and a child, named Chase, was born to the marriage on July 15, 1997. The parties were granted a divorce on September 7, 1999. During the course of the divorce trial, the parties vigorously contested the issue of custody of the minor child and presented extensive evidence on the subject to the chancellor. At the conclusion of the proof, the chancellor determined that the primary custody of the child should be granted to Mrs. McWhirter.

II.

Does the Custody Decision Evidence an Abuse of Discretion?
¶ 3. The sole issue presented to this Court on appeal is whether the chancellor abused his discretion in making the custody determination. Mr. McWhirter claims that the overwhelming weight of the evidence points to the conclusion that he should have primary custody of the child. The focus of his argument seems to be that he believes he proved that he was the child's primary caregiver prior to the parties' separation, that he could provide the child a better moral environment, and that his flexible work schedule would permit him to more closely attend to the child's needs.
*399 ¶ 4. In the difficult matter of determining child custody in divorce proceedings, the chancellor is necessarily vested with substantial discretion. Shepherd v. Shepherd, 769 So.2d 242(¶ 11) (Miss.Ct. App.2000). The chancellor must, in making such determinations, often weigh the credibility of witnesses providing starkly contrasting assessments of the relative parenting skills of the competing parties. He must assess a number of factors, each one dictated by the Mississippi Supreme Court, as to the proper factors that should guide his thought process. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). Because of the latitude given the chancellor, an appellate court reviewing the chancellor's decision on appeal has a limited role. Such a reviewing court must give deference to the chancellor's decision and may reverse only for errors in application of the law or if the appellate court is convinced that the chancellor abused the discretion afforded him in such matters. Caswell v. Caswell, 763 So.2d 890(¶ 5) (Miss.Ct.App.2000).
¶ 5. In order to lend some degree of transparency to the chancellor's decision process and thereby make an appellate review as meaningful as possible, the supreme court has held that the chancellor should properly make findings of fact on the record as to the various factors under Albright v. Albright that he must consider in his deliberations. Sobieske v. Preslar, 755 So.2d 410(¶ 12) (Miss.2000).
¶ 6. In the case now before us, the chancellor undertook a lengthy analysis of the various Albright factors and explained on the record how he evaluated the evidence bearing on each factor. He then proceeded, as to each such factor, to attempt to determine which competing parent was favored. Only after such point-by-point analysis did the chancellor then reach the ultimate question of custody.
¶ 7. As to seven of the twelve Albright factors, the chancellor concluded that the factors were irrelevant or that the evidence did not appear to particularly favor either parent. Those factors included: pre-separation continuity of care; parenting skills and willingness and capacity to provide primary care; the physical and mental health of the parties; their emotional ties to the child; the home, school, and community record of the child; the preference of the child; and the stability of the home environment. The chancellor concluded that the child's mother's position was bolstered by the fact that the child, only two years of age at the time, was a child of such tender years that its interests would best be served by remaining with the mother. On the other hand, the chancellor criticized Mrs. McWhirter for some of her extramarital relationships and determined that Mr. McWhirter seemed to offer a more moral setting for the child's developing years. The chancellor also felt that the father's flexibility at his employment would enable him to be more responsive to any special needs of the childa factor which favored the father. Lastly, as to the final general element of Albright, the chancellor expressed the view that the opportunity of continuing the child's relationship with two half-siblings born to Mrs. McWhirter by a former marriage weighed in favor of an award of custody to Mrs. McWhirter.
¶ 8. Based on this detailed analysis, the chancellor concluded that the best interest of the child dictated that it remain in the primary custody of Mrs. McWhirter. Mr. McWhirter's argument, in its best light, simply takes issue with the conclusions the chancellor drew from the evidence. Our review of the record convinces us that there is credible evidence to support the findings and conclusions reached by the chancellor. Were we to disturb those findings *400 on the present state of this record, we would be merely substituting our own assessment of the evidence for that of the chancellor. That is not within the prerogative of an appellate court in matters such as this. Caswell v. Caswell, 763 So.2d at 893(¶ 5).
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.