819 So.2d 564 (2002)
Elizabeth A. (Dupree) Barnes RINEHART, Appellant,
v.
Kevin P. BARNES, Appellee.
No. 2001-CA-00919-COA.
Court of Appeals of Mississippi.
June 18, 2002.
*565 Joseph D. Neyman, Jr., Hernando, attorney for appellant.
M. Darin Vance, attorney for appellee.
Before KING, P.J., BRIDGES, and CHANDLER, JJ.
BRIDGES, J., for the Court.

PROCEDURAL HISTORY
¶ 1. Elizabeth A. Dupree Barnes Rhinehart (Beth) and Kevin P. Barnes (Kevin) sought and received a divorce by the Chancery Court of DeSoto County on October 28, 1996. Pursuant to the court's order, the parties shared joint custody of their minor daughter, Kristina Elizabeth Barnes (Kristina). On August 4, 2000, Kevin filed a petition for modification of custody, seeking paramount care, custody and control of Kristina. Subsequently, Beth filed a counterclaim for modification seeking custody.
¶ 2. The matter was heard by the chancellor on October 19, 2000, who rendered a decision on April 17, 2001. As such, Kevin was awarded full care, custody and control of Kristina. Aggrieved, Beth has appealed that modification, charging that the chancellor was clearly erroneous and abused the discretion afforded him in such matters. Because we can discover no abuse of discretion in the chancellor's modification, we affirm.

FACTS
¶ 3. The original divorce decree vested legal and physical custody in both parents, whereby Kristina stayed with Beth one week and Kevin the next. This arrangement continued without problems as both Beth and Kevin lived a short distance from one another in DeSoto County. However, in June of 2000, Kevin moved to Cordova, Tennessee, a suburb of Memphis. Subsequently, this modification hearing transpired.

STANDARD OF REVIEW
¶ 4. In the difficult matter of determining child custody in divorce proceedings, the chancellor is necessarily vested with substantial discretion. Shepherd v. Shepherd, 769 So.2d 242, 245 (¶ 11) (Miss. Ct.App.2000). The chancellor must, in making such determinations, often weigh the credibility of witnesses providing starkly contrasting assessments of the relative parenting skills of the competing parties. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). He must assess a number of factors, each one dictated by the Mississippi Supreme Court, as to the proper factors that should guide his thought process. Id. However, it is well settled that "the polestar consideration is the best interest of the child." Sellers v. Sellers, 638 So.2d 481, 485 (Miss.1994). Because of the latitude given the chancellor, an appellate court reviewing the chancellor's decision on appeal has a limited role. Such a reviewing court must give deference to the chancellor's decision and may reverse only for errors in application of the law or if the appellate court is convinced that the chancellor *566 abused the discretion afforded him in such matters. Caswell v. Caswell, 763 So.2d 890, 893 (¶ 5) (Miss.Ct.App.2000).
¶ 5. "In cases involving a request for modification of custody, the chancellor's duty is to determine if there has been a material change in the circumstances since the award of initial custody which has adversely affected the child and which, in the best interest of the child, requires a change in custody." Sanford v. Arinder, 800 So.2d 1267, 1271 (¶ 15) (Miss.Ct.App. 2001). As such, the non-custodial parent must pass a three-part test: "a substantial change in circumstances of the custodial parent since the original custody decree, the substantial change's adverse impact on the welfare of the child, and the necessity of the custody modification for the best interest of the child." Id. at 1272 (¶ 15) (quoting Brawley v. Brawley, 734 So.2d 237, 241 (¶ 12) (Miss.Ct.App.1999)). This Court has routinely utilized these tests in the area of child custody modifications. See Sanford, 800 So.2d at 1271 (¶ 15); Thompson v. Thompson, 799 So.2d 919, 922 (¶ 8) (Miss.Ct.App.2001); Brawley, 734 So.2d at 241 (¶ 12).

LEGAL ANALYSIS
¶ 6. In order to lend some degree of clarity to the chancellor's decision process and thereby make an appellate review as meaningful as possible, the supreme court has held that the chancellor should properly make findings of fact on the record as to the various factors under Albright v. Albright. Sobieske v. Preslar, 755 So.2d 410, 413 (¶ 12) (Miss.2000). It is not enough for the chancellor to simply state that he considered these factors. Hamilton v. Hamilton, 755 So.2d 528, 531 (¶ 10) (Miss.Ct.App.1999).
¶ 7. In the case now before us, the chancellor first determined that a material change in circumstances had occurred. He reasoned that the shared custody agreement between parents of a child of school age, living in two different states, would be quite difficult to maintain. The chancellor then undertook a lengthy analysis of the various Albright factors and explained on the record how he evaluated the evidence bearing on each factor. He then proceeded, as to each such factor, to attempt to determine which competing parent was favored. Only after such point-by-point analysis did the chancellor then reach the ultimate answer to the question of custody.
¶ 8. As to nine of the fourteen Albright factors considered, the chancellor concluded that the evidence did not appear to particularly favor either parent. Those factors included: age, health and sex of the child; parent having the continuity of care; parenting skills of the parties; physical and mental health of the parents; age of the parents; moral fitness of the parent; stability of the parents's home environment; relative financial situation of the parents; and differences in religion, personal values or lifestyles of the parents. The chancellor found that the factor of preference of the child was of no consequence as the child is not of an age in which a preference may be given.
¶ 9. The chancellor concluded that the factor of the home, school and community record of the child slightly favored the mother because her extended family lived nearby and the maternal grandmother worked in the school where Kristina was enrolled. Considering the remaining Albright factors, the chancellor concluded the natural father was favored. These factors included the willingness and capacity to provide primary child care, as the mother relied heavily on the maternal grandmother for assistance; employment of the respective party and the responsibilities of that employment, as the father has flexibility *567 in his work schedule and the ability to work from his home and accordingly keep the child with him at those times; and the stability of the parents's employment, as the mother has had disciplinary problems resulting in suspensions from work and there was nothing to indicate any problems with the father's employment.
¶ 10. Based on this detailed analysis, the chancellor concluded that the best interest of the child dictated that primary custody should be modified, and therefore, Kevin should become the custodial parent of Kristina. Beth's argument simply takes issue with the conclusions the chancellor drew from the evidence. Our review of the record convinces us that there is credible evidence to support the findings and conclusions reached by the chancellor. If we were to disturb those findings, we would be merely substituting our own assessment of the evidence for that of the chancellor. That is not within the prerogative of an appellate court in matters such as this. Caswell, 763 So.2d at 893 (¶ 5).
¶ 11. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.